Submitted December 21, 2016; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed January 25, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOEL ADAM LEA,
*Defendant-Appellant.*

Coos County Circuit Court
14CR2328, 15CR0215;
A159424 (Control), A159425

388 P3d 1252

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In this consolidated criminal appeal, defendant seeks reversal of his reckless driving conviction and the imposition of $240 in court-appointed attorney fees.[1] We reject without written discussion his challenge to the reckless driving conviction and write only to address defendant's contention that the trial court plainly erred when it ordered him to pay the attorney fees when the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may·be able to pay them."). Defendant did not preserve his claim of error but asks us to review and correct the error as plain error. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). The state concedes that the trial court plainly erred by imposing attorney fees when the record was silent as to defendant's ability to pay.

We accept the state's concession that the trial court plainly erred in imposing attorney fees of $240 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (it is plain error for a trial court to impose court-appointed attorney fees where the record is silent as to the defendant's ability to pay them). Because the amount is substantial in light of defendant's family obligations and circumstances, the error is sufficiently grave to warrant the exercise of our discretion to correct it. *See State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion because $400 was a substantial amount to pay for the defendant in his circumstances).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] Defendant was convicted of reckless driving, ORS 811.140, in Case Number 14CR2328 and failure to appear, ORS 162.195, in Case Number 15CR0215.