Argued and submitted December 16, 2015; portion of judgment requiring
defendant to pay court-appointed attorney fees reversed, otherwise affirmed
August 30, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRITTANY RANAE SWARTZ,
*Defendant-Appellant.*

### Coos County Circuit Court
13CR1606; A156697

404 P3d 980

Brett Allin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and James, Judge, and Duncan, Judge pro tempore.*

_____

* James, J., *vice* Flynn, J. pro tempore.

## PER CURIAM

In this criminal case, defendant appeals the trial court's judgment convicting her of one count of resisting arrest, ORS 162.315. On appeal, defendant assigns error to the trial court's imposition of $400 in court-appointed attorney fees.[1] Defendant argues, and the state concedes, that the trial court plainly erred by imposing the fees because the record contains no information regarding whether defendant "is or may be able to pay" the fees. *See* ORS 151.505(3) (providing that a court may not order a person to pay attorney fees unless the person "is or may be able to pay" them); ORS 161.665(4) (same). We agree that the trial court plainly erred. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay those fees). We exercise our discretion to correct the error because, given defendant's circumstances and other financial obligations, the error is grave.[2] *See, e.g., State v. Lea*, 283

---

[1] In her opening brief, defendant asserted that the trial court plainly erred by instructing the jury using Uniform Criminal Jury Instruction 1227A, which concerns the legal standard for use of force by a peace officer, and by giving an example of conduct that would violate that standard. *See State v. Oliphant*, 347 Or 175, 194, 218 P3d 1281 (2009) (ruling that, in cases where a defendant has raised a defense of self-defense, a jury instruction regarding the legal standard for use of force by a peace officer inserts "an irrelevant issue—the arresting officers' actual state of mind—into the jury's deliberations concerning [the defendant's] claim of self-defense"); *see also State v. Vanornum*, 354 Or 614, 630-31, 317 P3d 889 (2013) (holding that instructing a jury in violation of *Oliphant* constitutes plain error). However, at oral argument, defendant's appellate attorney candidly stated that, as he apparently had recently discovered, defendant's list of requested jury instructions included UCrJI 1227A. Because defendant requested UCrJI 1227A, any error that the trial court made by giving the instruction constitutes "invited error" and any error the court made in giving an example to illustrate the instruction is not "obvious." *See, e.g., Tenbusch v. Linn County*, 172 Or App 172, 177-78, 18 P2d 419, *rev den*, 332 Or 305 (2001) (holding that a party's request for a jury instruction invites error resulting from that instruction).

[2] Defendant is an indigent single parent. In addition to the $400 in court-appointed attorney fees, the trial court ordered defendant to pay a $500 fine. The judgment requires defendant to pay the fees and fine within 30 days and provides that, if she fails to do so, an additional $200 will be assessed. The judgment also states that, if defendant's case is referred to a collection agency, "a 28 percent collection referral fee will also be added by the court without any further notice." Defendant's lack of financial resources, her family obligations, the fine, and the potential penalties weigh in favor of correction of the attorney-fee error. *See State v. Housego*, 276 Or App 550, 552, 368 P3d 62 (2016) (concluding that imposition

Or App 484, 485, 388 P3d 1252 (2017) (exercising discretion to reverse erroneous imposition of $240 in court-appointed attorney fees "in light of defendant's family obligations and circumstances").

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.

of $360 court-appointed attorney fees was grave, given the defendant's circumstances, fine, and potential penalties for failing to pay within 30 days).