TOOKEY, J.
*153 Defendant appeals a judgment of conviction for resisting arrest, second-degree assault, and assaulting a public safety officer, raising three assignments of error. We write to address only defendant's first assignment of error, and reject his second and third assignments without discussion.[1] In his first assignment, defendant contends that the trial court erred by providing an instruction on self-defense that permitted the jury to improperly consider the officer's reasonable belief regarding the necessity of force, instead of focusing on defendant's reasonable belief. The state argues that we should not review the error because defendant invited it. For the reasons that follow, we conclude that *451 defendant did not invite the error. Furthermore, we conclude that the error in this case was plain and exercise our discretion to correct it. Accordingly, we reverse and remand defendant's convictions for resisting arrest, second-degree assault, and assaulting a public safety officer, and we otherwise affirm.
The relevant facts are primarily procedural. Following an affray with Officer Murphy, defendant was charged with second-degree disorderly conduct, ORS 166.025, resisting arrest, ORS 162.315, second-degree assault, ORS 163.175, assaulting a public safety officer, ORS 163.208, and second-degree escape, ORS 162.155. At trial, defendant relied on a theory of self-defense, and the parties requested jury instructions on that point. The state first requested Uniform Criminal Jury Instruction (UCrJI) 1116. UCrJI 1116, "Defense-Physical Force-Involving Peace Officers," provides, in pertinent part, that "[a peace officer] is justified in using physical force on a person being arrested when and to the extent that [he] reasonably believes it is necessary to [make an arrest] unless [he] knows the arrest is not lawful." Defendant argued that the court should not instruct the jury *154 with UCrJI 1116 because it "is a comment on the evidence" and because "the state is going to be arguing that Officer Murphy is not on trial in this case, and that he had no burden to * * * justify the use of force." The state responded that the instruction is "an accurate statement of the law" and is appropriate to show Murphy was "justified in using physical force" because defendant was claiming self-defense. The court ruled that UCrJI 1116 was an appropriate instruction to give the jury.
Next, the state offered UCrJI 1226, "Resisting Arrest-Illegality of Arrest-No Defense," which provides: "If [defendant] knew that the person making the arrest was a [peace officer], it is not a defense to the charge of resisting arrest that the [peace officer] lacked legal authority to [make the arrest], provided the officer was acting under color of official authority." Defendant continued to object to any instruction that focused the jury's attention on the lawfulness of Murphy's actions, stating, "Here again, I think * * * what this does is it shifts the burden of proof from the state to the defendant, and I think it does so improperly." The court overruled defendant's objection and decided to give UCrJI 1226 to the jury.
Finally, the state offered UCrJI 1227A, "Peace Officer Use of Physical Force During an Arrest," which provided that "[a] peace officer may use physical force on a person he is arresting, but only when and to the extent that the officer reasonably believes physical force is necessary to make an arrest. An arresting officer may use reasonable physical force to overcome opposition to the arrest."[2] Defendant objected, stating that UCrJI 1227A is "covered by [UCrJI] 1116" and is essentially "the exact same instruction." The state and the court agreed that giving both instructions would be "redundant," and the state withdrew its request to give UCrJI 1227A.
*155 The court turned to defendant's proposed instructions. Defendant requested UCrJI 1227, "Self-Defense-Resisting Arrest," which provides:
"If [defendant] reasonably believed that the officer arresting [him was] using more physical force than was necessary to make the arrest, then [defendant] was entitled to use physical force in self-defense. In defending, [defendant] was entitled to use only that degree of physical force that [he] reasonably believed to be necessary to defend [himself] against what [he] believed to be the excessive force.
"The burden is on the state to prove beyond a reasonable doubt that this defense does not apply."
The state responded that, "if [defendant] is going to offer [UCrJI] 1227, than I do think I need to offer [UCrJI] 1227A," and argued that the state should be able to offer both *452 UCrJI 1227A, and UCrJI 1116. The court stated, "They say basically the same thing," and ruled that it was "not going to give an instruction twice." The state acknowledged that the instructions say basically the same thing and opted to substitute UCrJI 1227A for UCrJI 1116. The court asked defendant if he had "any problem with that," and defendant responded, "No." The court stated, "Okay. So [UCrJI] 1116 is out."
After the court instructed the jury with UCrJI 1227, defendant's self-defense instruction, and UCrJI 1227A, the state's instruction on the lawfulness of Murphy's use of force, the jury found defendant guilty of resisting arrest, second-degree assault, and assaulting a public safety officer. Additionally, the jury found defendant not guilty of second-degree disorderly conduct and attempted second-degree escape. The court entered a judgment of conviction for resisting arrest, second-degree assault, and assaulting a public safety officer.
On appeal, defendant contends that "[t]he trial court erred by giving * * * UCrJI 1227A," and that his objections "to an instruction on the lawfulness of a police officer's use of force" served "the policies underlying the preservation rule," so we "should review and correct the trial court's error." The state argues that, "[b]ecause defendant *156 invited the error in giving [UCrJI] 1227A, this court should decline to exercise its discretion to review defendant's claim of instructional error."
Although defendant's objection to UCrJI 1116 was insufficient to preserve defendant's claim that it was inappropriate to give the jury any instruction that focused on Murphy's state of mind, we address the error as plain error. As the Supreme Court explained in State v. Oliphant , 347 Or. 175, 194, 218 P.3d 1281 (2009), in cases where a defendant has raised a defense of self-defense, a jury instruction regarding "an officer's right to use force * * * in effectuating an arrest" inserts "an irrelevant issue-the arresting officers' actual state of mind-into the jury's deliberations concerning [the defendant's] claim of self-defense." (Emphasis in original.) In State v. Vanornum , 354 Or. 614, 630-31, 317 P.3d 889 (2013), the court held that instructing a jury in violation of Oliphant constitutes plain error and, on remand, we exercised our discretion to correct that error. State v. Vanornum , 273 Or.App. 263, 269-70, 356 P.3d 1161 (2015).
The state relies on defendant's response of "no" to the court's question about whether defendant had "any problem" with the state substituting UCrJI 1227A for UCrJI 1116 to argue that defendant invited the error regarding UCrJI 1227A. "Under the invited error doctrine, a party who 'was actively instrumental in bringing about' an alleged error 'cannot be heard to complain, and the case ought not to be reversed because of it.' " State v. Kammeyer , 226 Or.App. 210, 214, 203 P.3d 274, rev. den. , 346 Or. 590, 214 P.3d 822 (2009) (quoting Anderson v. Oregon Railroad Co. , 45 Or. 211, 216-17, 77 P. 119 (1904) ). "The point of the doctrine is to ensure that parties do not 'blame the court' for their intentional or strategic trial choices that later prove unwise and then, to the trial court's surprise, use the error that they invited to obtain a new trial." State v. Ferguson , 201 Or.App. 261, 270, 119 P.3d 794 (2005), rev. den. , 340 Or. 34, 129 P.3d 183 (2006) (quoting Tenbusch v. Linn County , 172 Or.App. 172, 177 n. 6, 18 P.3d 419, rev. den. , 332 Or. 305, 27 P.3d 1045 (2001) ). For example, in State v. Swartz , 287 Or.App. 601, 602 n. 1, 404 P.3d 980 (2017), we concluded that the defendant invited the court's error in giving UCrJI 1227A because the "defendant's list of requested jury instructions included UCrJI 1227A." (citing *157 Tenbusch , 172 Or.App. at 177-78, 18 P.3d 419 (holding that a party's request for a jury instruction invites error resulting from that instruction) ).
In this case, defendant was not actively instrumental in bringing about the error. It is apparent that the trial court had already decided that it was going to give an instruction about Murphy's state of mind, UCrJI 1116, before defendant agreed to the state substituting UCrJI 1227A for UCrJI 1116. See State v. Brown , 272 Or.App. 321, 324-25, 355 P.3d 129 (2015) (concluding that the defendant did not invite the court's error *453 in imposing attorney fees when "the court had already decided to impose attorney fees" before defendant commented on the amount). In context, it is evident that defendant's comment of "no" was in response to the court asking defendant if he had a problem with the state substituting UCrJI 1227A for UCrJI 1116. Defendant's single-syllable response cannot fairly be construed as a waiver of his objection to the substance of UCrJI 1116 or, by extension, to the substance of UCrJI 1227A.[3] As noted, when the state offered UCrJI 1227A, defendant argued that UCrJI 1227A is "covered by [UCrJI] 1116" because they are essentially "the exact same instruction," and the state and the court had agreed that giving UCrJI 1227A and UCrJI 1116 would be "redundant." Moreover, defendant did not affirmatively misstate the law. The state requested UCrJI 1116 and UCrJI 1227A, and contended that an instruction that focuses on the officer's state of mind is "an accurate statement of the law." See State v. Calvert , 214 Or.App. 227, 235, 164 P.3d 1169 (2007) (where a party "affirmatively misstate[s] the law" and the trial court relies on that misstatement, the party can appeal, but preservation principles apply). Thus, defendant's response was not "instrumental" in bringing about the error. *158 As discussed, in light of Vanornum , the error was plain. 354 Or. at 630-31, 317 P.3d 889. Therefore, the only remaining question is whether it is appropriate to exercise our discretion to correct the error. Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991).
For the reasons expressed in Vanornum , "[t]he gravity of the error and the ends of justice require that we exercise our discretion to correct the instructional error." 273 Or.App. at 269-70, 356 P.3d 1161. Regarding the gravity of the error, here, by focusing on Murphy's state of mind, the erroneous instruction effectively shifted the burden of proof by suggesting that defendant had to prove that Murphy's belief was unreasonable to prevail on his theory of self-defense. However, "[t]he burden of proof is on the state to prove beyond a reasonable doubt that this defense does not apply." UCrJI 1227; see Oliphant , 347 Or. at 194, 218 P.3d 1281 (with respect to the defendant's claim of self-defense, the defendant "had a right to have the jury consider the circumstances surrounding the event from his own point of view" because "the burden of proof was on the state to disprove the existence of that defense beyond a reasonable doubt"). The trial in this case focused on the interaction between Murphy and defendant, and the issue of self-defense "was critical to the outcome of the case." Vanornum , 273 Or.App. at 269-70, 356 P.3d 1161 (citing Wallach v. Allstate Ins. Co. , 344 Or. 314, 325, 180 P.3d 19 (2008) (when a jury applies an inaccurate legal rule to the facts, thus permitting the jury to reach an erroneous result, "the instructional error substantially affected the [party's] rights and require[s] reversal") and State v. Lovern , 234 Or.App. 502, 513, 228 P.3d 688 (2010) (the gravity of the error was substantial when "[t]he issue of the complainant's credibility was critical to the outcome of [the] case") ).
Correction of the error also "serves the ends of justice by ensuring that defendant has the opportunity to have a trial with a jury that has been correctly instructed on the law." Id . Accordingly, we exercise our discretion to correct the error.
Convictions for resisting arrest, second-degree assault, and assaulting a public safety officer reversed and remanded; otherwise affirmed.

In defendant's second assignment, he contends that the "trial court erred by denying defendant's motion for judgment of acquittal on the second-degree assault charge in Count 3" because "the state produced insufficient evidence that [Officer Murphy's] scar was a serious disfigurement." In his third assignment, defendant contends that the trial court erred "by denying defendant's request to make a photographic record of the scar's in-court appearance, for the purposes of appellate review."

UCrJI 1227A was withdrawn by the Oregon State Bar Committee on Uniform Criminal Jury Instructions in December 2015 in light of State v. Vanornum , 354 Or. 614, 317 P.3d 889 (2013), State v. Oliphant , 347 Or. 175, 218 P.3d 1281 (2009), and State v. McNally , 272 Or.App. 201, 353 P.3d 1255 (2015), rev'd on other grounds , 361 Or. 314, 392 P.3d 721 (2017). The comment to the instruction states: "When a defendant raises self-defense, a court should not give an instruction on the lawfulness of the alleged victim's use of force."

For purposes of this case, we agree with the trial court that, in substance, UCrJI 1116 and UCrJI 1227A "say basically the same thing." As noted, UCrJI 1116 provides, in pertinent part, that a "peace officer is justified in using physical force on a person being arrested when and to the extent that he reasonably believes it is necessary to make an arrest ." (Emphasis added.) UCrJI 1227A provided, in part, that a "peace officer may use physical force on a person he is arresting, but only when and to the extent that the officer reasonably believes physical force is necessary to make an arrest ." (Emphasis added.) Both instructions insert the same "irrelevant issue-the arresting officers' actual state of mind-into the jury's deliberations concerning [the defendant's] claim of self-defense." Oliphant , 347 Or. at 194, 218 P.3d 1281.