PER CURIAM
*151 In this criminal case, defendant was sentenced to a 36-month prison term and ordered to pay $ 914 in attorney fees. During that same proceeding, defendant's probation was revoked, and he was sentenced to 180 days of jail, concurrently to the prison term. The court also imposed $ 200 in court-appointed attorney fees on the probation revocation sentence.
Defendant argues that the court plainly erred in imposing the $ 1,114 in attorney fees because the court failed to make the predicate finding that he "is or may be able to pay" and, even if the court had made that finding, the record is insufficient to support such a finding. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").
The state concedes that the trial court plainly erred in ordering defendant to pay attorney fees because the record lacks evidence of defendant's ability to pay and that the proper remedy is reversal of that portion of the judgment imposing the fees. We accept the state's concession. See State v. Coverstone , 260 Or. App. 714, 715-16, 320 P.3d 670 (2014) (where the record is silent as to a defendant's ability to pay, it was plain error to impose attorney fees);
*324 State v. Ramirez-Hernandez , 264 Or. App. 346, 347-48, 332 P.3d 338 (2014) (finding that the trial court plainly erred in imposing attorney fees when the record lacked sufficient evidence of defendant's ability to pay).
Furthermore, we agree that it is appropriate to exercise our discretion to correct the error. See Coverstone , 260 Or. App. at 716-17, 320 P.3d 670 ("When a plain error is established, we still must determine if it is appropriate to exercise our discretion to correct the error, considering, among other things, 'the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another *152 way.' " (Quoting Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991) )). The error in this case is grave due to the substantial amount of attorney fees that were ordered, the length of defendant's prison term, and lack of any evidence regarding defendant's ability to pay the attorney fees while in custody or upon his release. See State v. Hunt , 271 Or. App. 347, 353, 350 P.3d 521 (2015) (imposition of $ 510 in attorney fees was plain error; the error was grave due to defendant's 14-month sentence and the absence of evidence in the record that defendant had "another source of income or that he has or will have the capacity to pay the fees").
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.