Submitted December 17, 2020; portion of judgment imposing court-appointed
attorney fees reversed, dismissed as moot in part, otherwise affirmed
July 28, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN D. MEYER,
*Defendant-Appellant.*

Washington County Circuit Court
18CR77325; A171866

496 P3d 1117

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Portion of judgment imposing court-appointed attorney fees reversed; dismissed as moot in part; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction by a unanimous jury for unlawful possession of methamphetamine, ORS 475.894. He raises six assignments of error. We affirm on his first, second, third, and fifth assignments of error. On his fourth assignment of error, we reverse the imposition of court-appointed attorney fees. His sixth assignment of error, which challenges a condition of probation, has become moot and, thus, we dismiss it.

In his first assignment of error, defendant relies on our decision in *State v. Keys*, 302 Or App 514, 526, 460 P3d 1020 (2020) (*Keys I*) to argue that the trial court lacked jurisdiction over his case because the record does not establish that defendant's waiver of his right to a preliminary hearing was knowing. Although defendant did not preserve this contention, consistent with *Keys I*, he asserts that preservation is excused because it is a jurisdictional error. The state responds, among other things, that *Keys I* was wrongly decided.

The Supreme Court recently agreed with the state on that score, holding that the absence of a knowing waiver of the right to a preliminary hearing does not deprive a trial court of jurisdiction and, correlatively, does not amount to the type of error for which preservation is excused. *State v. Keys*, 368 Or 171, 173, 204-05, 489 P3d 83 (2021) (*Keys II*). Rather, an unpreserved contention that a defendant's waiver of the right to a preliminary hearing was not knowing is subject to review under the ordinary plain error standards. Here, having considered the record, it is not plain that defendant's waiver was not knowing. Therefore, applying *Keys II*, we reject defendant's first assignment of error on the ground that the error is not preserved and not plain.

In his second assignment of error, defendant argues that the trial court should have suppressed the methamphetamine that led to his conviction on the ground that it was discovered during a traffic stop that was unlawfully extended in violation of Article I, section 9, of the Oregon Constitution. But this assignment of error is not preserved because defendant never moved to suppress the evidence and never contended that it was the product of an

unconstitutional search or seizure. And it is not plain that the evidence would be subject to suppression. As the state points out, whether evidence was obtained as a result of an unconstitutional search or seizure involves a fact-intensive analysis that never took place in this case because defendant never sought to suppress the evidence. Accordingly, we reject the second assignment of error because, like the first, it is not preserved and not plain.

In his third assignment of error, defendant contends that the trial court erred by instructing the jury that it could return a nonunanimous verdict. The trial court indeed erred, but because the verdict was unanimous, and the record does not reflect that defendant was harmed in any other way by the error, defendant is not entitled to reversal of his conviction. *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020).

In his fourth assignment of error, defendant contends that the trial court plainly erred by ordering him to pay $650 in court-appointed attorney fees because the record does not support a determination that defendant can or will be able to pay those fees. He requests that we exercise discretion to correct that error, for the same reasons that we have done so in many other cases. *See, e.g.*, *State v. Swartz*, 287 Or App 601, 602, 404 P3d 980 (2017). The state responds that this case is factually comparable to *State v. Baco*, 262 Or App 169, 170-71, 324 P3d 491, *rev den*, 355 Or 751 (2014), in which, on plain error review, we declined to exercise our discretion to correct a $510 attorney fee order where, as summed up in the state's brief here, "defendant's sentence did not prevent him from working and record suggested defendant may be able to pay." The defendant was sentenced to probation and not prevented from working. *Id.* The state urges us to treat this case similarly to *Baco* because defendant was sentenced to probation, which, in theory, would not prevent him from working.

Having considered the record, we conclude that the trial court plainly erred and exercise our discretion to correct that error. The amount imposed is not insignificant. Although defendant was sentenced to probation like the defendant in *Baco* and, thus, could work, we did not hold

in *Baco* that a sentence of probation categorically weighs against the exercise of discretion to correct an attorney fee error. *See generally Baco*, 262 Or App at 170-71. Further, we have exercised our discretion to correct similar errors in cases involving probationary sentences. *See, e.g.*, *State v. Guzman-Vera*, 305 Or App 161, 165, 169, 469 P3d 842, *rev den*, 367 Or 115 (2020) (exercising discretion to correct plainly erroneous attorney fee award for a defendant sentenced to probation). Beyond that, unlike in *Baco*—in which the defendant had agreed to pay attorney fees on a different charge—there is not comparable evidence in this case. 262 Or App at 171. The closest is that the trial court allowed a modification of defendant's pretrial release agreement to permit out-of-state travel for the purposes of employment. The modification order is ambiguous as to whether defendant was, in fact, employed, or likely to obtain employment. In the absence of a more complete picture of defendant's financial circumstances, we exercise our discretion to correct the error, as we did in *Guzman-Vera*, for reasons comparable to those stated in *State v. Eubanks*, 296 Or App 150, 151, 437 P3d 323 (2019), and the cases cited therein. *Guzman-Vera*, 305 Or App at 169.

　　In his fifth assignment of error, defendant contends that the trial court plainly erred by imposing a $200 fine without considering defendant's financial circumstances. But, as defendant himself recognizes, we have consistently rejected identical arguments. *See, e.g.*, *State v. Shepherd*, 302 Or App 118, 119-20, 459 P3d 957, *rev den*, 366 Or 552 (2020); *State v. Wheeler*, 268 Or App 729, 732-33, 344 P3d 57 (2015). We do so again here.

　　In his sixth and final assignment of error, defendant challenges a probation condition requiring him to submit to searches by his probation officer regardless of whether the officer has reasonable grounds for the search. The state concedes the error, acknowledging that, in *State v. Schwab*, 95 Or App 593, 597, 771 P2d 277 (1989), we held invalid an identical condition of probation that was missing a "reasonable grounds" requirement for searches.

　　Defendant and the state are correct that, under *Schwab*, the challenged condition of probation is not a

permissible one. That is because, as defendant puts it, "ORS 137.540(2) does not allow a court to craft a special condition that dispenses with the 'reasonable grounds' restriction" on searches by probation officers. Nevertheless, defendant's probation has come to an end, rendering his challenge to that erroneous condition moot because reversing the judgment for the purpose of correcting that erroneous condition would have no practical effect on defendant's rights. For that reason, we conclude that defendant's sixth assignment of error, although meritorious, does not require reversal.

Portion of judgment imposing court-appointed attorney fees reversed; dismissed as moot in part; otherwise affirmed.