Submitted June 11; portion of the judgment imposing court-appointed attorney fees reversed, otherwise affirmed December 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN HOSEA STEWART, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
19CR57487; A173069

502 P3d 241

Defendant appeals from a judgment convicting him of attempted assault in the fourth degree constituting domestic violence, ORS 161.405(2)(e), and harassment, ORS 166.065. In two assignments of error, defendant argues that the trial court impermissibly commented on the evidence in violation of ORCP 59 E when it instructed the jury that a slap constitutes "offensive physical contact" for purposes of the harassment statute, and that the trial court plainly erred in imposing $400 in court-appointed attorney fees because there was no evidence in the record that defendant was able, or would be able in the future, to pay the fees. *Held*: Although the trial court impermissibly commented on the evidence by instructing the jury that "offensive physical contact" includes slapping, the trial court's error was harmless. The trial court, however, plainly erred in imposing court-appointed attorney fees.

Portion of the judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Portion of the judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment convicting him of attempted assault in the fourth degree constituting domestic violence, ORS 161.405(2)(e), and harassment, ORS 166.065. In two assignments of error, defendant argues that the trial court impermissibly commented on the evidence in violation of ORCP 59 E when it instructed the jury that a slap constitutes "offensive physical contact" for purposes of the harassment statute, and that the trial court plainly erred in imposing $400 in court-appointed attorney fees because there was no evidence in the record that defendant was able, or would be able in the future, to pay the fees. On the first issue, we conclude that, although the trial court erroneously instructed the jury on the definition of "offensive physical contact," the trial court's error was harmless. On the second issue, we conclude that the court plainly erred in imposing the court-appointed attorney fees and reverse that portion of the judgment.

The relevant facts are undisputed. In August 2019, defendant, who suffers from bipolar disorder, was getting ready to leave for work. Defendant was irritated that the house was a mess and that he could not find his work badge. K, defendant's wife, attempted to calm him down and ultimately tried to take his car keys because she was worried that he might hurt himself based on statements that he made. A struggle ensued and defendant struck K in the face, causing her to stumble backwards. After defendant left for work, K called the mental health crisis line, who informed the police of the incident. Officer Boyle arrived at the home and recorded an interview with K, where she told Boyle that defendant "raised up his right hand, it was an open hand, and slapped her" hard in the face. K had a light-colored bruise on her cheek which Boyle photographed.

Defendant was charged with attempted assault in the fourth degree, constituting domestic violence, and harassment. At trial, K testified that she did not want the charges to move forward and that she had called the mental health crisis line who notified the police. When the state asked if defendant had slapped her "at some point" during that evening, K responded that she "wouldn't say it was a

slap." K testified that "it was just like a struggle and like his hand like went by [her] cheek." Defendant, in turn, did not deny that he slapped K "hard enough to, at least, make her stumble a few steps back." Defendant testified, however, that he did not "intend to hit or harm her." Boyle's recorded interview with K was played for the jury, and the photographs of K's injuries were submitted to the jury as evidence.

After the presentation of evidence, each party submitted proposed jury instructions. The state proposed a special jury instruction defining "offensive physical contact" for purposes of the harassment charge.[1] The state's proposed instruction provided:

> "**Offensive physical contact:** physical contact that a reasonable person would regard as offensive in the circumstances. It includes striking, slapping, shoving, kicking, grabbing, and similar acts that are an interference with the contactee, regardless of whether they produce any pain or discomfort."

(Boldface in original.) Defendant objected to the proposed special instruction, arguing that it "might mislead the jury into believing that a slap is *** a condition precedent *** to harassment, meaning that a slap is enough, as a matter of law, to be harassment or the crime of harassment." The state remonstrated that the instruction defined physical contact as that which "a reasonable person would regard as offensive, which would include striking, slapping, shoving," and argued that the use of the phrase "it includes" meant "that those are examples of what would be offensive to a reasonable person." The court agreed with the state's argument, overruled defendant's objection, and delivered the state's special instruction. Ultimately, the jury found defendant guilty of both counts.

On appeal, defendant reprises his arguments surrounding the "offensive physical contact" instruction.

---

[1] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact; or

"(B) Publicly insulting such other person by abusive words or gestures in a manner intended and likely to provoke a violent response[.]"

Specifically, defendant contends that, because "offensive physical contact" is an element of harassment, the instruction was an impermissible comment on the evidence because it instructed the jury that "offensive physical contact" includes slapping. Defendant relies on our decision in *State v. Keller*, 40 Or App 143, 145, 594 P2d 1250 (1979), where we clarified that "striking, slapping, etc. and comparable acts are not, as a matter of law, offensive physical contact within the meaning of ORS 166.065(1)(a)." (Internal quotation marks omitted.) Defendant argues that the improper instruction was not harmless because it "allowed the jury to find defendant guilty of harassment without independently finding that the contact at issue constituted 'offensive physical contact.'" Finally, defendant challenges the trial court's imposition of attorney fees without any inquiry into his financial circumstances as required by ORS 161.665(4).[2] Defendant acknowledges that he did not preserve that argument but requests that we conduct plain error review and exercise our discretion to correct the error. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (describing the plain error doctrine).

In response, the state contends that the trial court correctly instructed the jury about the meaning of "offensive physical contact" because slapping "is an example of offensive contact" and the definition is "consistent with this court's case law and the legislature's express intent." Alternatively, the state argues that any error was harmless because it was "undisputed that defendant struck his wife in the face during an argument," and that the blow left a bruise. The state asserts that, in finding defendant guilty of attempted fourth-degree assault, the jury found that defendant specifically intended to cause K physical injury, and necessarily rejected defendant's claim that the slap was an accident. The state argues that, given those circumstances, there was "no possibility that the court's instruction affected the jury's

---

[2] ORS 161.665(4) provides that,

"The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

determination that the slap constituted offensive physical contact." As to defendant's contention about ordering him to pay court-appointed attorney fees, the state concedes that the trial court plainly erred in imposing the fees without evidence of defendant's financial circumstances other than the fact that he was employed.

We begin with defendant's assertion that the trial court impermissibly commented on the evidence when it instructed the jury that "offensive physical contact" includes "striking, slapping, shoving, kicking, grabbing, and similar acts." A trial court impermissibly comments on the evidence "when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998). Instructing the jury to draw an inference against the defendant in a way that shifts the burden of proof from the state to the defendant also constitutes an impermissible comment on the evidence. *Id*. at 411. "An inference cannot relieve the state of its burden of proving each element of the crime beyond a reasonable doubt." *Id*. However, an instruction constitutes reversible error only if, considering the instructions as a whole, the defendant was prejudiced. *State v. Lopez-Minjarez*, 350 Or 576, 584-85, 260 P3d 439 (2011).

As an initial matter, we agree with defendant's argument that the trial court impermissibly commented on the evidence by instructing the jury that "offensive physical contact," which is an element of the crime of harassment, includes slapping. *See Keller*, 40 Or App at 145 ("[S]triking, slapping, etc. and comparable acts are not, as a matter of law, 'offensive physical contact' within the meaning of ORS 166.065(1)(a)—instead, it remains a question for the factfinder in each individual case whether under the specific circumstances pleaded and proved the defendant subjected another to offensive physical contact[.]"). This is an example of the inherent risk in "using wording from opinions as jury instructions and, in particular, [in] crafting a jury instruction from statements in a case intended to describe why particular evidence was sufficient." *State v. Morales*, 307 Or App 280, 285 n 4, 476 P3d 965 (2020) (citing *Rogers v. Meridian Park Hospital*, 307 Or 612, 616, 772 P2d 929 (1989)).

The trial court's instructional error, however, is harmless given the other jury instructions in the context of this case. As noted earlier, the trial court instructed the jury that offensive physical contact means:

> "physical contact that a reasonable person would regard as offensive in the circumstances. It includes striking, slapping, shoving, kicking, grabbing, and similar acts that are an interference with the contactee, regardless of whether they produce any pain or discomfort."

Defendant did not dispute that he slapped K; rather, defendant argued that the slap was not intentional and that the jury could have found that, therefore, the contact was not "offensive." The problem with defendant's argument is that the jury also found defendant guilty of attempted assault in the fourth degree, which a person commits by "intentionally engag[ing] in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405. The state alleged that defendant "intentionally attempted to cause[] physical injury to" K, and the jury agreed. Because the jury found that defendant acted with the requisite intent to commit attempted fourth-degree assault, the jury necessarily disbelieved defendant's defense that the slap was not intentional. Moreover, it was undisputed that K stumbled back after the altercation and that the physical contact caused bruising on her cheek. Therefore, with respect to the harassment charge, the jury necessarily concluded that the intentional slap that caused bruising was "physical contact that a reasonable person would regard as offensive in the circumstances." Accordingly, although the trial court erred in giving the state's special jury instruction, the trial court's error was harmless under the facts of this case.

Finally, as to defendant's argument that the trial court plainly erred by ordering him to pay $400 in court-appointed attorney fees because the record lacked sufficient evidence that defendant can or will be able to pay those fees, we accept the state's concession and exercise our discretion to correct that error for the reasons stated in *State v. Meyer*, 313 Or App 611, 613-14, 496 P3d 1117 (2021).

Portion of the judgment imposing court-appointed attorney fees reversed; otherwise affirmed.