794 April 10, 2024 No. 224

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY WILLIAM WITTKOPP,
*Defendant-Appellant.*

Washington County Circuit Court
20CR02763, 20CR35404, 20CN02802, 20CN02080,
20CN00744; A178842 (Control), A178843, A178844,
A178845, A178846

Ricardo J. Menchaca, Judge.

Submitted on January 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Sara F. Werboff, Deputy Public Defender, Office
of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Shannon T. Reel, Assistant Attorney
General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot,
Judge.

AOYAGI, P. J.

In Case No. 20CR35404, conviction on Count 1 reversed and
remanded; remanded for resentencing; otherwise affirmed.

In Case No. 20CR02763, remanded for resentencing; otherwise affirmed.

In Case No. 20CN00744 and Case No. 20CN02080, reversed
and remanded.

In Case No. 20CN02802, affirmed.

**AOYAGI, P. J.**

This is a consolidated appeal of five cases. In case number 20CR35404, defendant was convicted of fourth-degree assault constituting domestic violence and strangulation constituting domestic violence (and acquitted of two other charges). In case number 20CR02763, which was consolidated with case number 20CR35404 for trial, defendant was convicted of harassment. Based on those convictions, defendant's probation was revoked in case numbers 20CN00744 and 20CN02080. Defendant was held in contempt of court in case number 20CN02802.[1] On appeal, defendant raises six assignments of error. In his first and second assignments, he contends that the trial court plainly erred by misinstructing the jury on the meaning of "recklessly" for fourth-degree assault. In his third and fourth assignments, he challenges the admission of an audio recording of an incident on June 25, 2020. The fifth and sixth assignments pertain to sentencing. As described below, we conclude that the trial court plainly erred by misinstructing the jury on "recklessly" for fourth-degree assault and, accordingly, reverse that conviction and remand for a new trial. We reject defendant's evidentiary challenge, however, and therefore affirm his other convictions. Because the reversal of the assault conviction will result in resentencing, we do not address the last two assignments.

*Assault instructions.* Defendant was charged with fourth-degree assault for having allegedly "recklessly cause[d] physical injury to another." ORS 163.160(1)(a). As to the legal standard for recklessness, both defendant and the state requested the uniform criminal jury instruction. The trial court then instructed the jury as follows:

> "A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

---

[1] None of defendant's arguments on appeal implicate the judgment in case number 20CN02802. We therefore affirm that judgment.

> "When used in the phrase '*recklessly cause physical injury,*' 'recklessly' means that [*sic*] person is aware of and consciously disregards a substantial and unjustifiable risk *that the victim was pregnant.* The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

(Emphases added.) It is undisputed that, as to the italicized portion, the court should have instructed the jury that the relevant risk was the risk "of causing physical injury" (or words to that effect), not the risk "that the victim was pregnant."[2]

The state argues that defendant invited the error, even though he requested the uniform instruction, by saying "yes" when the trial court went through each page of the court's third draft of the instructions and asked if they were okay, and by not taking exception when the court later read the recklessness instruction to the jury. We disagree that defendant invited the error. Although defendant did not catch the error, he was not instrumental in bringing it about. *See State v. Flack*, 290 Or App 152, 156-57, 414 P3d 449 (2018) (concluding that the defendant did not "invite" an instructional error by answering "no" when asked if he had "any problem" with the state's proposed instruction, because he was not "instrumental" in bringing about the error, and contrasting *State v. Swartz*, 287 Or App 601, 602 n 1, 404 P3d 980 (2017), in which the defendant invited any error by requesting the instruction). We agree with the state that defendant did not adequately preserve the claim of error under the circumstances, however, so we limit our review to plain error. ORAP 5.45(1) (allowing discretionary review of an unpreserved claim of error where the error is "plain").

The error is plain. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record

---

[2] Defendant stipulated at trial to knowing that the victim was pregnant—a fact relevant only to whether the assault was a felony, not to whether defendant had the requisite scienter to commit the crime at all. *See* ORS 163.160(2) ("Assault in the fourth degree is a Class A misdemeanor."); ORS 163.160(3)(d) (raising to a felony if "[t]he person commits the assault knowing that the victim is pregnant").

without our having to choose among competing inferences). It is apparent on the record that the trial court's instruction was legally incorrect in a way that is obvious and not reasonably in dispute. Moreover, we agree with defendant that, on this record, the error was not harmless and merits exercising our discretion to correct. *See State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (regarding exercise of discretion). We are unpersuaded by the state's arguments to the contrary. Accordingly, we reverse defendant's conviction for fourth-degree assault and remand for a new trial on that charge.

We also reverse and remand the probation-revocation judgments. Given the minimal record of the trial court's reasoning for revoking probation, we cannot tell whether it would have revoked defendant's probation based on the strangulation and harassment convictions alone, regardless of the assault conviction. We therefore reverse and remand the revocations for reconsideration. *See State v. Milnes*, 256 Or App 701, 711, 301 P3d 966 (2013) (reversing a probation-revocation judgment and remanding where the trial court relied in part on an erroneous conviction and "did not indicate" whether it would have revoked without that conviction); *State v. Mast*, 109 Or App 485, 486, 819 P2d 1392 (1991) (reversing and remanding for reconsideration because it was "unclear" whether the trial court relied on an improper basis in revoking probation).

*June 25 recording.* Defendant next challenges the trial court's denial of his pretrial motion to exclude the cellphone audio recording from June 25, 2020—which captured an incident that was the basis for two charges on which the jury acquitted defendant in case number 20CR35404—and subsequent admission of that recording at trial. The parties disagree as to whether defendant adequately preserved the issue on which he claims error on appeal (regarding the "subscribers" requirement in ORS 165.540(3)). The state also argues an alternative basis to affirm that was raised but not decided in the trial court (regarding ORS 165.540(5)(a)).

We need not resolve those issues because, regardless, any error in admitting the recording was harmless. Defendant contends that, even though the jury acquitted

him on the charges regarding the June 25 incident itself, the recording made him look bad in a way that could have affected the verdicts on the other charges. We are unpersuaded. There is little likelihood that the June 25 recording affected the verdicts on the other charges. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (an evidentiary error is harmless, and thus not a basis for reversal, where there is "little likelihood that the error affected the jury's verdict"). We therefore reject the third and fourth assignments of error and, consequently, affirm the strangulation and harassment convictions. Defendant will need to be resentenced, however, given the reversal of the assault conviction.

In Case No. 20CR35404, conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

In Case No. 20CR02763, remanded for resentencing; otherwise affirmed.

In Case No. 20CN00744 and Case No. 20CN02080, reversed and remanded.

In Case No. 20CN02802, affirmed.