No. 823 November 14, 2024 235

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES RICHARD SHARP,
aka James R. Sharp,
*Defendant-Appellant.*

Coos County Circuit Court
22CR51057; A180874

Martin E. Stone, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Timothy C. Downin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant was found guilty of fleeing or attempting to elude a police officer under ORS 811.540(1)(b)(A), was sentenced to 18 months of supervised probation, and was ordered to "pay any required per diem fees." Defendant appeals the judgment of conviction and advances two assignments of error. First, he argues that the court plainly erred when instructing the jury regarding the "attempts to elude" element of ORS 811.540(1). Second, he contends that the trial court erred by ordering him to pay per diem fees. We reject defendant's claim of instructional error, but we accept the state's concession of error regarding the per diem fees and remand for resentencing.

*Instructional Error.* In his first assignment of error, defendant argues that the trial court plainly erred by giving the jury the uniform criminal jury instruction (UCrJI) on "attempt" that is used for inchoate crimes, UCrJI 1040, rather than instructing on the ordinary meaning of the word "attempt." Defendant, however, was the one who requested that instruction, thereby inviting the error. Thus, we reject his first assignment on that ground. *See, e.g.*, *Dept of Human Services v. M. A. T.*, 335 Or App 294, 302, ___ P3d ___ (2024) (describing the "invited error" doctrine and explaining that "a party on appeal cannot take a position inconsistent with the position that party invited the trial court to take"); *State v. Swartz*, 287 Or App 601, 602 n 1, 404 P3d 980 (2017) (concluding that, because the "defendant requested UCrJI 1227A, any error that the trial court made by giving the instruction constitutes invited error" (internal quotation marks omitted)).

*Per Diem Fees.* In his second assignment, defendant contends that the trial court erred by including a term in the judgment that "the defendant shall pay any required per diem fees" without having first announced that term at the sentencing hearing. The state concedes that, in light of our decision in *State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024), the court erred by imposing the previously unannounced term in the judgment and that the case must be remanded for resentencing because the error is not harmless. We agree, accept the

state's concession, and remand for resentencing as we did for the same error in *Barr*.

Remanded for resentencing; otherwise affirmed.