786 December 11, 2024 No. 898

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY KARIFF HOLLIDAY,
*Defendant-Appellant.*

Polk County Circuit Court
22CR48348; A181135

Rafael A. Caso, Judge.

Submitted October 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for third-degree assault, assigning error to the trial court's admission of three video exhibits containing out-of-court statements made by the eight-year-old complainant, B, to two police officers and a forensic interviewer.[1] The trial court ruled before trial that B was unavailable to testify. On appeal, citing *Crawford v. Washington*, 541 US 36, 68, 124 S Ct 1354, 158 L Ed 2d 177 (2004), defendant argues in three assignments of error that admission of testimonial statements in the video exhibits violated his rights under the Confrontation Clause of the Sixth Amendment. Defendant did not preserve his claims of error but argues that failing to *sua sponte* exclude the evidence was plain error that we should exercise our discretion to correct. The state responds that any error is not plain and that, in any event, we should not exercise our discretion. We conclude the error is not plain and, accordingly, affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Here, the trial court did not plainly err in failing to *sua sponte* exclude the video exhibits, because "the record supports a plausible inference that the defendant may have made a strategic choice not to object" to them. *State v. Cone*, 289 Or App 391, 395, 410 P3d 347 (2017), *rev den*, 362 Or 860 (2018) (explaining that a trial court does not commit

---

[1] All three videos were played for the jury. The video that is Exhibit 21 shows a police officer interviewing B at the police station on the day that B's father reported the assault. The video that is Exhibit 10 shows a different officer interviewing B at a later date at B's school, with B's sister and a school staff member present. The video that is Exhibit 20 shows a forensic interviewer interviewing B at Liberty House.

plain error by failing to *sua sponte* strike evidence in such circumstances).

Defendant was B's mother's boyfriend. At trial, B's father recounted seeing bruises on B, asking B about them, and B saying that defendant had whipped her with a belt. A Department of Human Services worker testified that defendant admitted to having "whooped" B with a belt. And B's older sister testified that, on the night of the incident, she was in the room next door to the room that B was in, saw their mother hand a belt to defendant as he walked to the room that B was in, heard the sound of the belt striking B, and heard B scream. B's sister also testified regarding what B told her afterwards and to marks that she saw on B's body.

Given that other evidence, the record supports a plausible inference that defendant did not object to the video exhibits because he thought that he could use them to his advantage to try to undermine the strength of the state's case. Defendant had few apparent avenues on which to build a defense. Each of the video exhibits, while useful to the prosecution, also contained evidence useful to the defense. The defense used one of the police videos to point out that B was withdrawn, uncertain, and hesitant in answering questions about defendant, whereas, when asked to remember a painful experience, she was lively, detailed, and forthcoming in describing a time that she fell and hurt her toe—which defendant argued was because B was lying about defendant but telling the truth about her toe. Regarding the other police video, the defense questioned whether the officer who interviewed B was properly trained to interview children and suggested that he did not follow best practices, such as avoiding leading questions. As for the Liberty House interview video, B was asked multiple times in multiple ways—by someone highly trained in interviewing children—whether defendant had hurt her, and B always either denied it or did not answer, which was obviously favorable evidence for the defense.

It is also worth noting that, as the state offered each video exhibit, the trial court expressly asked defendant whether he objected to it, and defendant expressly

stated that he did not. Sometimes, there is no meaningful difference between silently not objecting and expressly not objecting. *See State v. Flack*, 290 Or App 152, 156-57, 414 P3d 449 (2018) (concluding that the defendant did not "invite" an instructional error by answering "no" when asked if he had "any problem" with the proposed instruction, as he was not "instrumental" in bringing about the error, and contrasting a case in which the defendant personally requested the instruction that he later claimed was error to give). However, in assessing whether a party plausibly may have made a strategic choice not to object, as relevant to plain-error analysis, the fact that defendant was given a clear opportunity to object and consciously chose not to object adds at least something to the plausibility of it being a strategic choice.

Because any error is not plain,[2] we affirm.

Affirmed.

_____

[2] The plausibility that the defendant strategically chose not to object is sometimes relevant to the exercise of discretion, rather than the plainness of the error. For example, as to instructional errors, the Supreme Court recently explained that the possibility of a strategic choice not to object is relevant only to the exercise of discretion. *State v. Wiltse*, 373 Or 1, 21-22, ___ P3d ___ (2024). Here, we view the possibility of a strategic choice not to object as going to whether the error is plain, because the trial court's role in admitting and excluding evidence is different from its role in giving jury instructions. *See id.* (distinguishing instructional error). In any event, if the alternative approach did apply here, we would decline to exercise our discretion to correct any plain error, given the plausible strategic reason for defendant not objecting.