Submitted on record and briefs February 5, affirmed
February 26, 1969

CRAWFORD, *Appellant, v.* JACKSON,
*Respondent.*

451 P. 2d 115

Johnson, Telfer & Sloan, Grants Pass, and Nicolas Ferrara, Los Angeles, California, for appellant.

Donald F. Myrick and Donald C. Williams, Grants Pass, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff's complaint stated three causes of action seeking money damages based upon plaintiff's alleged oral contract with the defendant for providing a crusher to process rock on defendant's property, and trucks to transport the rock to various jobs the defendant was supplying. Two counts related to the rock crushing itself, the third to hauling. The answer denied the material allegations plaintiff had made as to the content of the oral agreement, but agreed that defendant had paid certain sums plaintiff had alleged and that an additional credit should be allowed defendant by plaintiff. An affirmative defense alleged a different version of the oral agreement than that which had been alleged in the complaint by the plaintiff, and a counter-claim. The case was tried to a jury. The counter-claim was removed from consideration on plaintiff's motion at conclusion of the evidence. Plaintiff made no other motions. Conflicting evidence was produced both as to content of the oral agreement, and how it was performed. The jury's verdict was for the defendant.

Assignments of error are: (1) that the verdict is against the evidence; (2) that the verdict is against the law; and (3) that errors of law occurred in rulings on evidence and in jury instructions. The testimony

discloses a decided conflict as to what the oral arrangement was that the parties made. There were very poor records kept relating to performance. In a long, rambling brief, plaintiff's counsel contends that this conflicting evidence can lead to but one conclusion—that plaintiff's contentions are correct. Plaintiff's counsel urges this court to substitute its judgment on the facts for that of the jury and "direct" a decision for plaintiff in the sum of $7,140.45. He says that if the court finds that certain fill dirt and waste rock taken by the plaintiff for his own use should be credited as an offset on this, the court should also do that. Thus, by his own statements, counsel admits that the dispute involves controverted facts. He cannot ask the court, under the law of Oregon, to substitute its judgment for that of a jury on substantial controverted facts. Oregon Constitution, Art VII, § 3; *Godell v. Johnson*, 250 Or 496, 443 P2d 203 (1968). This is particularly true in a case where, as here, he has submitted his case to the jury without objection or exception.

■ The second assignment of error is that the verdict was against the law. Counsel's argument on this assignment is not very illuminating as to what he means, but it appears that he claims the court should have taken the case from the jury, for he says "the interpretation of the agreement in question is essentially a judicial function, even though it involves questions of fact." Plaintiff did not move for a directed verdict, so he is in no position to complain that the case was submitted to the jury.

■■ The third assignment of error relates first to certain questions asked of witnesses. In plaintiff's brief he concedes that no objection was made to the questions, but argues that the court should have been

alert to counsel's errors and prevented him from making them. Such, of course, is not the law. If a valid objection exists to the reception of particular evidence counsel may well refrain from making the objection because he wants the evidence in the record. If at a later time it turns out that his decision to allow it to come in was unwise, he should not be allowed to blame the court for what he has himself done, and, by doing so get a second opportunity to try his case.

In plaintiff's motion to set aside the verdict and grant a new trial, the grounds he alleged were that there was insufficient evidence to sustain the verdict, and that the jury failed to follow the court's instructions. Now, on appeal, under this assignment of error, plaintiff claims that the court improperly instructed the jury. At the conclusion of the evidence the court asked counsel if he had any exceptions and he replied in the negative.

■ We have repeated many times that exception must be taken to instructions given if they are to be raised as errors on appeal. ORS 17.510. *McCaffrey v. Glendale Acres,* 250 Or 140, 440 P2d 219 (1968); *Poulsen v. Johnson,* 182 Or 297, 186 P2d 521 (1947); *Brown v. Jones,* 137 Or 520, 3 P2d 768 (1931).

No error is found in the record. The judgment is affirmed.