Argued and submitted November 14, 2007, Newberg High School, Newberg; affirmed January 30, appellant's petition for reconsideration filed February 27 and respondents' response to petition for reconsideration filed March 4 denied by opinion April 30, 2008
See 219 Or App 542, _____ P3d _____ (2008)

## Dorothy B. Smith VANCE,
*Plaintiff-Appellant,*

*v.*

## Stanley B. TEPLICK, MD,
### and Center for Sight-Oregon, PC,
### an Oregon corporation,
*Defendants-Respondents.*

### Multnomah County Circuit Court
### 040909551; A130844

176 P3d 430

Robert K. Udziela argued the cause and filed the reply brief for appellant. With him on the opening brief was Lawrence Baron.

Jay W. Beattie argued the cause for respondents. With him on the brief was Lindsay, Hart, Neil & Weigler, LLP.

Before Schuman, Presiding Judge, and Ortega, Judge, and Collins, Judge pro tempore.

COLLINS, J. pro tempore.

## COLLINS, J. pro tempore

Plaintiff in this medical malpractice case appeals a judgment after a jury verdict for defendants Stanley B. Teplick, M.D., and Center for Sight-Oregon, PC, on her claims that defendants were negligent and failed to obtain her informed consent for surgeries performed on her eyes. On appeal, she argues that the trial court erred in refusing to give one of her proposed jury instructions, in refusing to require the jury to take all of the exhibits into the jury room during its deliberations, and in denying her motion for a mistrial. We reject plaintiff's second and third assignments of error without discussion. We write to explain why we decline to review plaintiff's first assignment of error and affirm.

■ In her first assignment of error, plaintiff argues that the trial court erred in not giving her proposed jury instruction number 23. The record on appeal, however, does not contain any jury instructions proposed by plaintiff. The record reflects that the trial court discussed with both parties the jury instructions that it planned to give and that, during that conversation, plaintiff referred to her proposed jury instructions. However, they were never made a part of the record, and we do not know why they were not.

■ Plaintiff has the duty to "designate and bring to the appellate court such portions of the record of the proceedings before the trial court as are necessary to support and establish h[er] contention that the trial court committed the error of which the appellant complains on appeal." *King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981) (citations omitted); *accord Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). Plaintiff has not done that.

In her notice of appeal, plaintiff designated "the record in its entirety, including the trial court file, all exhibits, and the record of oral proceedings." Defendants noted in their response brief that the record does not contain plaintiff's proposed jury instructions and that there is no way of knowing if the trial court ever had the opportunity to review plaintiff's proposed jury instruction number 23. Plaintiff did not

respond by moving to supplement the record, which she could have done under ORS 19.365(4).[1]

■       Instead, plaintiff argues that we should address the first assignment of error on the merits, because defendants concede that plaintiff submitted her proposed jury instructions to the trial court and because her assignment of error is preserved under *Beall Transport Equipment Co. v. Southern Pacific*, 335 Or 130, 60 P3d 530 (2002). Defendants' concession that plaintiff filed her proposed jury instructions with the trial court, however, does not satisfy plaintiff's duty to provide the appellate court with the portions of the record that are necessary to establish her contention that the trial court committed error.[2]

Plaintiff's reliance on *Beall Transport Equipment Co.* is also misplaced, because the record in that case was adequate. The issue in *Beall Transport Equipment Co.* was whether a litigant is required to object to the trial court's failure to give the litigant's proposed instruction in order to preserve an argument that the trial court erred in failing to give the proposed instruction. The Supreme Court held that a litigant does not need to except to the failure of the trial court to give a requested instruction to preserve for appeal the argument that the court erred in failing to give that instruction. *Id.* at 141. The holding in *Beall Transport Equipment Co.* presumes that the litigant's proposed jury instruction has been made a part of the appellate record.

Because plaintiff's jury instruction is not in the appellate record, we cannot review it. Without knowing that the trial court had that jury instruction or what it consisted of, we cannot decide whether the trial court erred in deciding

---

[1] ORS 19.365(4) provides:

"When it appears to the appellate court that the record on appeal is erroneous or that the record does not contain material that should have been part of the trial court file, and the erroneous or incomplete record substantially affects the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just."

[2] The fact that plaintiff included jury instruction number 23 in its excerpt of record and that defendants concede that "plaintiff filed her requested jury instructions with the court prior to trial" is not sufficient because defendants do not stipulate, and we have no way of proving, that the content of the instruction in plaintiff's excerpt of record is the same content that was provided to the trial court.

not to give the instruction. Thus, we decline to review plaintiff's first assignment of error. *Richardson v. Fred Meyer, Inc.*, 211 Or App 421, 426, 155 P3d 881 (2007) ("If the record is insufficient for review, a claim of error will be disregarded."); *see also* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the court may decline to review the assignment of error * * *.").

Affirmed.