On appellant's petition for reconsideration filed February 27, and respondents' response to petition for reconsideration filed March 4, petition for reconsideration of opinion (217 Or App 571, 176 P3d 430) denied April 30, 2008

## Dorothy B. Smith VANCE,
*Plaintiff-Appellant,*

*v.*

## Stanley B. TEPLICK, MD,
and Center for Sight-Oregon, PC,
an Oregon corporation,
*Defendants-Respondents.*

Multnomah County Circuit Court
040909551; A130844

183 P3d 229

Robert K. Udziela for petition.

Jay W. Beattie and Lindsay, Hart, Neil & Weigler, LLP, for respondents.

Before Schuman, Presiding Judge, and Landau, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

Plaintiff petitions for reconsideration of our opinion in *Vance v. Teplick*, 217 Or App 571, 176 P3d 430 (2008), and seeks to supplement the record with various affidavits and the packet of jury instructions that plaintiff proposed to the trial court. In *Vance*, we declined to review plaintiff's argument that the trial court erred in failing to give a proposed jury instruction because the proposed instruction was not part of the appellate record. We noted that plaintiff, as the appellant, had the duty to provide us with all portions of the record necessary to support her contention, and we concluded that, because plaintiff had not done so, we could not review the assignment of error. Plaintiff argues that we should grant her motion to supplement the record, allow the petition for reconsideration, and decide the case based on the additional evidence. We conclude that, because our decision did not contain a factual error and because no other ground to allow the petition for reconsideration has been established, we must deny plaintiff's petition. The motion to supplement the record has already been granted. Because we deny the petition for reconsideration, however, the supplemental evidence has no effect.

ORAP 6.25(1) provides that a petition for reconsideration must be based on one of the following contentions:

"(a)   A claim of factual error in the decision;

"(b)   A claim of error in the procedural disposition of the appeal requiring correction or clarification to make the disposition consistent with the holding or rationale of the decision or the posture of the case below;

"(c)   A claim of error in the designation of the prevailing party or award of costs;

"(d)   A claim that there has been a change in the statutes or case law since the Court of Appeals' decision; or

"(e)   A claim that the Court of Appeals erred in construing or applying the law. Claims addressing legal issues already argued in the parties' briefs and addressed by the Court of Appeals are disfavored."

Plaintiff appears to rely on paragraph (a), allowing for reconsideration where our opinion contains "factual error." A factual error exists if we have misconstrued evidence in the appellate record. In this case, we correctly concluded that the jury instruction was not in the record. Therefore, our opinion was not factually erroneous.

■■ Plaintiff argues that, even if our opinion was factually correct, we should supplement the record and then decide the case based on the expanded appellate record. The purpose of the petition for reconsideration, however, is to allow a party to seek reconsideration where we have erred, ORAP 6.25(1)(a) - (c), (e), or where there has been a change in the law, ORAP 6.25(1)(d). "We have held many times that a contention not raised in the brief on appeal will not be entertained for the first time on reconsideration." *State v. Schneider*, 204 Or App 710, 713, 131 P3d 842, *rev den*, 341 Or 392 (2006); *accord Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000). Similarly, we hold in this case that evidence that was not part of the appellate record "will not be entertained for the first time on reconsideration."

Petition for reconsideration denied.