Submitted November 25, 2008, affirmed February 25, petition for review denied July 29, 2009 (346 Or 590)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DWAYNE ANTHONY KAMMEYER,
*Defendant-Appellant.*

Multnomah County Circuit Court
070231023; A136674

203 P3d 274

Peter Gartlan, Chief Defender, and Carolyn Bys, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

### ORTEGA, J.

Defendant appeals a judgment of conviction for two counts of burglary in the first degree. ORS 164.225. In an unpreserved assignment of error, defendant argues that the trial court lacked authority to order restitution based on two other counts with which he had been charged, but which had been dismissed as part of a plea agreement. Although the state concedes that the trial court erred, *State v. Thorpe*, 217 Or App 301, 306, 175 P3d 993 (2007), it urges us not to consider defendant's assignment of error, contending that he waived his claim of error or invited the asserted error. Because we conclude that defendant invited the alleged error, we affirm.

Defendant was indicted on four counts of first-degree burglary. He agreed to plead guilty to Counts 1 and 2 of the indictment; the remaining counts were to be dismissed. The plea petition specified that defendant would receive a 32-month term of incarceration and a 36-month term of post-prison supervision and that he would pay restitution in an amount "to be determined." At the plea hearing, defendant admitted that he had committed the offenses alleged in Counts 1 and 2, and the trial court accepted defendant's plea.

At the sentencing hearing, the state did not present evidence with respect to restitution on Counts 1 and 2. Instead, the state presented evidence related to the dismissed counts. Defendant raised what his counsel termed "concerns" regarding any imposition of restitution based on those counts, explaining that he had not pleaded guilty to those offenses because he had not committed them. Although defendant protested that he was "kind of being blind-sided" by restitution on those counts, he nevertheless told the court, "I really don't want to take my plea back because that's, you know, for the time amount in my record, it's a good deal."

The prosecutor responded that restitution was part of the plea agreement and that, despite defendant's protestations that he had not committed the offenses charged in the dismissed counts, his DNA had been found at the scenes of those crimes. The prosecutor stated that defendant could either accept the imposition of restitution or withdraw his plea and proceed to trial. After the trial court explained that

it did not see a basis for defendant to withdraw the plea, defendant told the court, "I just wanted to say what was on my mind about it." The following colloquy then occurred:

"THE DEFENDANT: The plea is good—you know, I didn't realize that I'd have to pay the restitution on all four of the crimes in the Indictment. That was explained to me this morning. I'm okay with it. I told [my attorney] I didn't want to withdraw my plea.

"THE COURT: And I think that generally when there's a plea agreement it includes the fact that even though you're not pleading to all these charges, that we believe you're responsible for all these charges, and therefore, you have to deal with the restitution on it all, even though you don't have that now as a conviction. Okay?

"THE DEFENDANT: No problem."

The trial court then imposed restitution based on the dismissed charges.

On appeal, defendant contends that the trial court's imposition of restitution on the dismissed charges is an error apparent on the face of the record and urges us to exercise our discretion to correct the error. *See* ORAP 5.45(1) (describing the power of appellate courts to consider claims of error that were not preserved in the lower court). Defendant concedes that he acquiesced to the imposition of restitution on the dismissed counts, but argues that his acquiescence should not have been seen as a waiver of his objection, but as an attempt to preserve his plea agreement. Moreover, defendant contends that his acquiescence did not invite the trial court's error because he did not urge or advise the court to impose restitution.

The state acknowledges that defendant protested the imposition of restitution based on the dismissed charges, but contends that the trial court was entitled to view defendant's statements that he did not want to withdraw his plea and that he was "okay" with the imposition of restitution as a waiver of his earlier objection. Moreover, the state contends that defendant invited the error by stating that he was "okay" with the imposition of restitution. Because we conclude that defendant invited the error of which he now complains, we do not consider defendant's assignment of error.

██ Under the invited error doctrine, a party who "was actively instrumental in bringing about" an alleged error "cannot be heard to complain, and the case ought not to be reversed because of it." *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904). The doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling. *State v. Ferguson*, 201 Or App 261, 270, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006). The goal of the rule is to ensure that parties who make intentional or strategic trial choices do not later "blame the court" if those choices prove to be unwise. *Crawford v. Jackson*, 252 Or 552, 555, 451 P2d 115 (1969).

Although defendant is correct that he did not "urge or advise" the trial court to commit the asserted error, he nevertheless was actively instrumental in causing that error. Although defendant protested the proposed restitution, he did not make a formal objection, explaining that he only "wanted to say what was on [his] mind." Indeed, even as defendant complained about the proposed restitution, he was eager to accept the plea agreement, volunteering that he did not wish to "take [his] plea back" because, "for the time amount in [his] record," he was getting a "good deal." After the prosecutor noted that defendant was free to withdraw his guilty plea if he objected to the proposed restitution, defendant declined to do so. Instead he reiterated that his plea was "good," that he did not wish to withdraw it, and that he was "okay" with paying the proposed restitution. Under those circumstances, the trial court was entitled to conclude that, despite his earlier protestations, defendant no longer opposed the proposed restitution and would accept its imposition. Having made those representations, defendant cannot now fault the trial court for imposing restitution based on those charges. Because defendant invited the error of which he now complains, we decline to consider the merits of his assignment of error.

Affirmed.