Submitted September 30, 2016, affirmed June 1, 2017

Liberty Ann JONES,
*Petitioner-Respondent,*

*v.*

Scott V. MEARS,
*Respondent-Appellant.*

Umatilla County Circuit Court
CV991233; A158897

398 P3d 461

Andrew W. Newsom and Gearing Rackner Engel & McGrath LLP filed the brief for appellant.

Dean F. Gushwa filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**TOOKEY, J.**

Husband appeals a supplemental judgment entered in February 2015 that modified his child support obligation. On appeal, husband argues that the trial court erred in imputing to him potential income of $80,000. Because we conclude that husband invited that purported error, we affirm.

Husband and wife have one child. In 2013, husband moved to modify his child support obligation, arguing that there had been a substantial change in his economic circumstances that permitted the court to recalculate the parties' child support obligations. Following a hearing on that motion, the trial court issued a letter opinion in which it set husband's child support obligation by imputing to him potential income of $80,000 per year. In May 2014, the trial court entered a supplemental judgment (the May 2014 judgment), incorporating the findings from its letter opinion.[1] Thereafter, husband moved to set aside the May 2014 judgment. In January 2015, the trial court held a hearing on husband's objections to the May 2014 judgment. At that hearing, the trial court stated:

"THE COURT:  As I look through the original pleadings, the issue that was raised was that notice wasn't given.
* * *

"In the pleadings that were just proposed to me, the memorandum, I am told that [husband] does not object to the $80,000 income imputed to him in the current order; neither does he object to the present child support order, is that correct?

"[HUSBAND'S COUNSEL]:   Yes."

The hearing continued and the parties discussed other issues, including whether husband acted in bad faith by failing to fund child's trust fund. At the end of that hearing, the trial court again reaffirmed its understanding, "In today's pleadings, [husband] no longer contests the $80,000 income,

---

[1] Husband did not appeal the May 2014 judgment, and it was vacated in April 2015 following entry of the February 2015 judgment that is the subject of this appeal.

nor does he contest the present child support." At no point did husband object to that understanding.

Following the hearing, in February 2015, the trial court entered a supplemental judgment (the February 2015 judgment), again incorporating its findings from its letter opinion in which it imputed to husband potential income of $80,000 per year. Additionally, the judgment stated, "At the January 20, 2015, hearing [husband], through his attorney, withdrew his objection to [wife's] proposed form of [the May 2014] Supplemental Judgment that related to his presumed income."

Husband appealed the February 2015 judgment. While his appeal was pending, husband filed a motion for relief from that judgment pursuant to ORCP 71 B(1)[2] that, among other things, challenged the trial court's finding that he had acted in bad faith. As required by ORAP 8.25(2),[3] husband notified us of his pending motion in the trial court and requested that we hold his appeal in abeyance. We granted husband's motion to hold his appeal of the February 2015 judgment in abeyance pending the disposition of his ORCP 71 B motion in the trial court.

In November 2015, husband notified us that the trial court had entered a third supplemental judgment resolving his ORCP 71 B motion (the November 2015 judgment); husband attached the November 2015 judgment to his notice. The November 2015 judgment modified the February 2015 judgment by deleting the trial court's finding that he had acted in bad faith but did not otherwise modify or vacate the February 2015 judgment. We issued the parties a notice, stating, in part, "If you plan to amend the current appeal to include the new [November 2015 judgment], an amended

---

[2] ORCP 71 B(1)(a) provides, in pertinent part, that, "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a judgment for," among other reasons, "mistake, inadvertence, surprise, or excusable neglect[.]"

[3] ORAP 8.25(2) provides, in part:

"When a party has filed a motion for relief from judgment under * * * ORCP 71 B while the judgment is on appeal, the appellate court will decide whether to hold the appeal in abeyance pending disposition of the motion or to allow the appeal to go forward. Any party to the appeal may move the court to hold the appeal in abeyance or to allow the appeal to go forward."

notice of appeal must be filed."[4] In response, husband submitted "notice of his intent to proceed with the appeal" but did not otherwise amend his notice of appeal to include the record of the proceedings that resulted in the November 2015 judgment.

As noted, on appeal of the February 2015 judgment, husband contends that the trial court erred in imputing to him potential income of $80,000 per year. We conclude that husband invited the purported error. "Under the invited error doctrine, 'a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it.'" *Miller v. Columbia County*, 282 Or App 348, 353 n 5, 385 P3d 1214 (2016), *rev den*, 361 Or 238 (2017) (quoting *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009)). The invited error doctrine "is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." *Kammeyer*, 226 Or App at 214. Ultimately, "[t]he goal of the rule is to ensure that parties who make intentional or strategic trial choices do not later 'blame the court' if those choices prove to be unwise." *Id.* (quoting *Crawford v. Jackson*, 252 Or 552, 555, 451 P2d 115 (1969)).

In this case, husband was instrumental in causing the error he now challenges on appeal. At the January 2015 hearing on husband's objections to the May 2014 judgment, husband withdrew his objection to the trial court's imputation of potential income of $80,000. The trial court twice reaffirmed that understanding with husband. Further, the February 2015 judgment included an express acknowledgment that husband withdrew his objection relating to the trial court's imputation of potential income. Thus, the record before us demonstrates that husband withdrew his objection to the trial court's imputation of potential income of $80,000 and did not otherwise challenge that determination; having

---

[4] ORAP 8.25(3) provides, in part, that "[a] party wishing to appeal an order deciding a motion filed under ORCP 71 A or ORCP 71 B during the pendency of an appeal shall file a notice of appeal * * *."

done so, husband cannot now fault the trial court for setting his child support obligation by imputing to him potential income of $80,000. Because husband invited the error for which he now complains, we decline to consider the merits of his assignment of error.

Affirmed.