On respondent's petition for reconsideration filed June 18, and appellant's response to petition for reconsideration filed June 18, petition for reconsideration denied August 11, 2021

In the Matter of B. C.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

B. C.,
*Appellant.*

Yamhill County Circuit Court
20CC05538; A174625

496 P3d 1154

Jennifer K. Chapman, Judge.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, for petition.

Joseph R. DeBin and Multnomah Defenders, Inc., for response.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Petition for reconsideration denied.

## PER CURIAM

The state seeks reconsideration of our per curiam decision in *State v. B. C.*, 312 Or App 258, 487 P3d 879 (2021), in which we reversed a judgment committing appellant to the custody of the Mental Health Division. Our reversal was based on our acceptance of the state's concession that the court plainly erred in not holding the hearing in the case within five judicial days after appellant's detention commenced. *See State v. L. O. W.*, 292 Or App 376, 381, 424 P3d 789 (2018) (a person held longer than five judicial days without a hearing is entitled to dismissal). The state now asserts that its concession was in error and that, on reconsideration, we should affirm appellant's commitment. We deny the state's petition for reconsideration.

In its petition, the state explains that its concession was based on a misunderstanding of the facts and, thus, reconsideration is warranted based on a factual error in the case. ORAP 6.25(1)(a). The state asserts that the hearing in this case did not, in fact, occur more than five judicial days after appellant's detention commenced, because the presiding judge of the circuit court closed court operations due to wildfire smoke on two of the days—Friday, September 11, 2020, and Monday, September 14, 2020[1]—between the start of appellant's detention (September 9) and the hearing date (September 18). As a result, the state argues, appellant's hearing occurred on the fifth judicial day. To support its argument, the state asks that we take judicial notice of the closure orders. At a minimum, the state argues, it was not plain error for the court to hold the hearing when it did, based on those closure orders.

We deny the state's request for reconsideration. "A factual error exists if we have misconstrued evidence in the appellate record." *Vance v. Teplick*, 219 Or App 542, 544, 183 P3d 229, *rev den*, 345 Or 416 (2008). Here, the appellate record did not include evidence of the circuit court closure orders; thus, we did not misconstrue it. What the state requests is that we now expand the appellate record

---

[1] As noted by appellant in the response, the court was also closed by order for part of the day, with the exception of in-custody arraignments, on Thursday, September 10, 2020.

through judicial notice of the closure orders and then decide the case based on new legal arguments (*i.e.*, the closed days were not "judicial days"), which, in turn, are based on that expanded appellate record. "We have held many times that a contention not raised in the brief on appeal will not be entertained for the first time on reconsideration." *See State v. Schneider*, 204 Or App 710, 713, 131 P3d 842, *rev den*, 341 Or 392 (2006) (rejecting defendant's attempt to withdraw on reconsideration an express concession made on appeal and to advance a new argument). We have also held that "evidence that was not part of the appellate record 'will not be entertained for the first time on reconsideration.'" *Vance*, 219 Or App at 544. We see no reason to depart from those holdings in this case, and the state does not offer a persuasive reason to do so, particularly in light of the state's concession of the error on appeal based on the appellate record that was before us.

Petition for reconsideration denied.