Argued and submitted July 22, 2020, affirmed September 1, 2021

Nancy HERSEY
and Julie Budeau,
*Plaintiffs-Appellants,*

*v.*

Christine LEON;
Adam Doern and Kathryn Doern, husband and wife;
Jeffrey Shivers; Cindy Shivers; Sandra Eymer;
Michael Dewitz; Michael Stefan Leoniak;
Jeffrey Ommert and Christine Ommert, husband and wife;
Kenneth Borslien and Elizabeth Borslien, husband and wife;
Edward Jahn and Devon Jahn, husband and wife;
Kyle Kraxberger and Fallon Kraxberger, Successors-in-
Interest to PPI Consulting, LLC; Abigail Smith;
Todd Loewy and Leah Loewy, husband and wife;
Jim Samuels; Molly Little; Charles Hinkle;
Brock Inman and Amy Gillcrist, husband and wife;
Earl Shay and Kathleen Shay, husband and wife;
Robert Weaver and Jean Horn, husband and wife;
Bank of America, N.A.; Ditech Financial, LLC; and
Mortgage Electronic Registration Systems, Inc.,
*Defendants-Respondents,*

*and*

Keith KUTLER, et al.,
*Defendants.*

Clackamas County Circuit Court
16CV13166; A169787

497 P3d 763

Ann M. Lininger, Judge.

Gary M. Bullock argued the cause for appellants. Also on the briefs was Gary M. Bullock and Associates, P.C.

Charles F. Hinkle argued the cause for respondents Christine Leon, Adam Doern, Kathryn Doern, Jeffrey Shivers, Cindy Shivers, Sandra Eymer, Michael Dewitz, Michael Stefan Leoniak, Jeffrey Ommert, Christine Ommert, Kenneth Borslien, Elizabeth Borslien, Edward Jahn, Devon

Jahn, Kyle Kraxberger, Fallon Kraxberger, Abigail Smith, Todd Loewy, Leah Loewy, Jim Samuels, Molly Little, Brock Inman, Amy Gillcrist, Charles Hinkle, Earl Shay, Kathleen Shay, Robert Weaver, and Jean Horn. Also on the brief was Stoel Rives LLP.

Katie Jo Johnson filed the brief for respondent Bank of America N.A. Also on the brief was McEwen Gisvold LLP.

William G. Fig filed the brief for respondent Ditech Financial LLC. Also on the brief was Sussman Shank LLP.

John M. Thomas filed the brief for respondent Mortgage Electronic Registration Systems Inc. Also on the brief was McCarthy & Holthus, LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff[1] appeals from a judgment dismissing her claims for adverse possession and quiet title and declaring that the easement she sought to adversely possess, and quiet title to, remained in full force and effect. The judgment also declares, based on defendants' counterclaims, that the easement constituted a covenant that runs with the land. On appeal, plaintiff asserts that the trial court erred in concluding that the easement was a covenant that runs with the land, and in denying plaintiff's adverse possession and quiet title claims as to certain defendants. Because a fuller explanation of this case would not assist the parties, bench, or bar, we affirm the judgment of the trial court based on the limited explanation below.

*Covenant that Runs with the Land.* Plaintiff first assigns error to the trial court's declaration that the easement was a covenant that runs with the land, raising four distinct arguments. We conclude that plaintiff's failure to designate the trial exhibits as part of the appellate record renders her assignment of error unreviewable on appeal. "An appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). Plaintiff's arguments are dependent on the relevant documents admitted as exhibits at trial, particularly the deeds in which the easements were created. Plaintiff was aware of the appellate record deficiency at least by the time she prepared the opening brief but did not seek to correct it. ORS 19.250(1)(e) (designation of record may be amended at any time "until 35 days after the filing of a certificate of preparation for the transcript"). We do not have the trial exhibits before us and attaching in the excerpt of record some of the documents that plaintiff asserts were admitted at trial as exhibits is not a sufficient alternative. ORS 19.365(2); *Vance v. Teplick*, 217 Or App 571, 573-74 & n 2, 176 P3d 430, *rev den*, 345 Or 416 (2008). We disagree with any assessment of the parties that any portion of plaintiff's first assignment of error on appeal is reviewable without the relevant trial exhibits. We

---

[1] After filing this appeal, plaintiff Nancy Hersey died. As a result, we use plaintiff in the singular to refer to the only remaining plaintiff, Julie Budeau.

thus decline to address plaintiff's first assignment of error.[2] ORS 19.365(5); *Vance*, 217 Or App at 575.

*Adverse Possession*. In her second assignment of error, plaintiff argues that the trial court erred in dismissing her adverse possession claim as to those defendants that had an order of default entered against them or failed to submit a declaration during the cross-motions for summary judgment. To the extent that plaintiff's argument is based on the trial court's letter opinion and order on summary judgment, plaintiff preserved that argument.[3] However, plaintiff's argument is based on a clear misreading of that opinion and misunderstanding of the effect of denying a motion for summary judgment. In the letter opinion, the court did not determine that plaintiff had met the elements of adverse possession as to any defendant; rather, the court stated that plaintiff was arguing that she had met those elements. What the court did conclude was that there were substantial disputes of fact as to several elements of adverse possession, and, accordingly, denied plaintiff's motion for summary judgment in total. The trial court made no conclusions of law that could apply to any defendant at trial, and, because it was a summary judgment motion, the court could not make any findings of fact that applied at trial. ORCP 47 C.

In addition, with respect to the defaulted defendants, in effort to set aside limited judgments dismissing those defendants from the case for lack of prosecution, plaintiff's counsel attested that plaintiff wished to delay entering default judgments, because waiting until after adjudication of all defendants, "would preserve a uniform outcome because the claims against all defendants are identical in nature and factual basis." The trial court granted that request. If the trial court erred in not treating the defaulted defendants differently than other defendants, it was error

---

[2] To the extent any part of plaintiff's argument with respect to the covenant relies on the doctrine of law of the case or the order denying summary judgment, we reject that argument. The trial court did not grant any relief on summary judgment that could have had any effect on the court's ruling after a trial.

[3] Although plaintiff failed to comply with ORAP 5.45(4), in the argument section of her brief, and in reply, she does reference transcript pages where it appears that plaintiff preserved this aspect of her argument.

invited by plaintiff. *See, e.g.*, *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009). Further, plaintiff failed to preserve for appeal any argument other than the one based on the summary judgment letter opinion and order, which we have already rejected.

The trial court did not err in any manner asserted by plaintiff in her second assignment of error.

*Quiet Title*. In her third assignment of error, plaintiff argues that the trial court erred in dismissing her quiet title claim. To the extent that plaintiff's argument is again based on the summary judgment letter opinion and order, we reject it for the same reasons set out above. To the extent that plaintiff asserts different arguments, plaintiff's failure to comply with ORAP 5.45(4) impedes our review, and we decline to consider them. ORAP 5.45(4)(a).

Finally, we decline to consider any new legal arguments raised by plaintiff in the reply brief for the first time. *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 237 n 20, 12 P3d 507 (2000).

Affirmed.