***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 4, vacated and remanded August 3, 2022

Jackeline RONDIN-RIOS
and Nahum Crispin-Zuniga,
*Plaintiffs-Respondents,*

*v.*

4 B FARMS, INC.,
*Defendant-Appellant.*

Marion County Circuit Court
17CV12655; A170420

Mary Mertens James, Judge.

Brian R. Talcott argued the cause for appellant. Also on the brief was Dunn Carney Allen Higgins & Tongue LLP.

No appearance for respondents.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Vacated and remanded.

**AOYAGI, J.**

Defendant 4 B Farms, Inc., appeals from a supplemental judgment entered on February 28, 2019. The sole issue on appeal is whether the trial court erred when it declined to award attorney fees to defendant under ORS 659A.885(1). For the reasons explained below, we vacate and remand for further proceedings.

### FACTS

Plaintiffs Jackeline Rondin-Rios and Nahum Crispin-Zuniga are a married couple who were briefly employed as agricultural workers on defendant's farm. On their first day of work, April 7, 2016, Rondin-Rios fell and sustained injuries. She sought and obtained workers' compensation benefits. She also made a complaint to the Oregon Occupational Safety and Health Administration (OR-OSHA). Plaintiffs continued to work for defendant for a short time. In early May, a farm labor contractor who was supervising plaintiffs for six days allegedly threatened them. Crispin-Zuniga's last day at work was May 8, 2016. On June 2, Rondin-Rios began a light-duty assignment at the same pay rate and hours at which she had been hired. Her last day at work was June 8, 2016.

After leaving defendant's employment, plaintiffs filed this action. Rondin-Rios asserted three claims against defendant: a claim under ORS 659A.040 for employment discrimination related to her worker's compensation claim; a claim under ORS 654.062(6)(c) for employment discrimination related to her OR-OSHA complaint; and a claim under ORS 659A.199(1) for employment retaliation related to a good-faith report of a violation of state or federal law. Crispin-Zuniga asserted a single claim against defendant, under ORS 659A.040, for employment discrimination related to his wife's workers' compensation claim.

The trial court dismissed Crispin-Zuniga's claim on summary judgment. Rondin-Rios's claims proceeded to a jury trial, but, at the close of her evidence, the trial court granted a directed verdict for defendant on all three claims. The court then entered a general judgment for defendant.

Defendant timely petitioned for attorney fees under ORS 659A.885(1), which provides, as relevant here, that, in an action under ORS 659A.040 or ORS 659A.199, "the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

The court held a fee hearing. At the outset, the court noted that it had read the parties' briefing, and it previewed its analysis of the issues, essentially stating that plaintiffs' claims were groundless, that plaintiffs' lawyers had failed to adequately educate them about the requirements to prove a claim, and that defendant had incurred substantial expenses to defend itself, but that the court lacked the ability to award attorney fees to defendant under existing law. For example, the court stated:

> "This was a case that had so little evidence of any legal claim that it was shocking that the case went to trial. It was shocking that the case didn't settle. And yet I don't think that the law, as it is presently written under [ORS] 659A.885, gives the court the ability to award attorney fees to a prevailing [defendant] when the case was not dismissed at summary judgment. There's case law that even suggests that if it is dismissed at summary judgment that there's not necessarily a right to attorney fees."

After hearing the parties' arguments, the court took the matter under advisement and later issued a written decision. As to Crispin-Zuniga, the court stated that he had "filed a claim for which he was not a proper plaintiff under ORS 659A.040"; that he "had no legal right to relief"; that his claim was "groundless" in light of the "plain" and "clear" language of ORS 659A.040; that he "could not offer any legal authority or evidence supporting his claim"; and yet "he filed his action anyway," which was "particularly vexing" and had required defendant to incur "significant effort and expense." Nonetheless, the court denied fees, pointing to the fact that his claim "was forwarded as a result of his attorneys' zeal rather than bad faith attributable to him" and was dismissed on summary judgment.

As for Rondin-Rios, the court concluded that her claims were "factually groundless, but not frivolous." The

court described all three claims as "Unsupported (and Unsupportable) by Facts and Law." It stated that Rondin-Rios had not presented *any* evidence of discrimination based on her status as an injured worker, of a cognizable adverse employment action, or of a causal link between her injury and any adverse action by her employer. It further stated that Rondin-Rios "did not present—and never had—any evidence of a constructive discharge." Even the evidence that had been excluded as inadmissible, the court noted, was "bereft of even a wisp of inference that her employer would not or did not accord her every protection of the laws." The court further observed that the situation was even "more transparent" because Rondin-Rios was represented by an attorney before the injury occurred.

The court expressed "understand[ing]" that a defendant would petition for fees "[w]here the plaintiff persists in litigating her case once it becomes evident that her claims are unreasonable, groundless, or unfounded," but it nonetheless denied fees. It explained that it was denying fees "not because defendant was not forced to incur substantial expense in defending its employment practices, and not because the statute does not permit courts to award them[,]" but because of "the lack of support by Oregon appellate courts for trial courts' attorney fee awards for employers in the arena of employment discrimination claims." The court went on to explain that "Oregon's appellate courts" have created an "exacting" standard to award fees to a prevailing defendant under ORS 659A.885(1), and it implicitly concluded that that standard was not met, although it did not explain why it was not met, except perhaps to imply that it is unmeetable. The court concluded by stating that its decision "in no way validates the continued efforts of the plaintiffs' attorneys to besmirch the motives, conduct or appropriate response to plaintiffs' claim by defendant 4 B Farms, Inc.," and by chastising plaintiff's counsel for mispresenting the record in argument.

The court thereafter entered a supplemental judgment on February 28, 2019, awarding costs but denying fees, from which defendant appeals. Defendant challenges the denial of fees as to each plaintiff.

ANALYSIS

"We review the circuit court's legal determinations with respect to entitlement to attorney fees for errors of law. If attorney fees are authorized or required, we review the trial court's award (or lack thereof) for an abuse of discretion." *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012) (internal citations omitted).

Defendant first argues that the trial court erred by applying an incorrect legal standard under ORS 659A.885(1). The crux of defendant's argument is that this court has misconstrued ORS 659A.885(1) in our prior case law, thus improperly creating a standard by which a fee award to a prevailing plaintiff is determined by reference to the usual factors in ORS 20.075(1) but a fee award to a prevailing defendant is permitted only if the defendant shows that the plaintiff's claims were brought in bad faith or were frivolous, unreasonable, or groundless. *See Chase v. Vernam*, 199 Or App 129, 138-39, 110 P3d 128 (2005) (recognizing that ORS 659A.885(1) states only that the court "may" award fees to "the prevailing party" but that, "under our case law, a court has discretion to allow attorney fees to a prevailing defendant under ORS 659A.885(1) only when the plaintiff's claim is brought in bad faith or is unreasonable or unfounded"); *Turnbow v. K.E. Enterprises, Inc.*, 155 Or App 59, 68, 962 P2d 764 (1998) ("In *Dobie* [*v. Liberty Homes*, 53 Or App 366, 373-74, 632 P2d 449 (1981)], we held that, in order for a *defendant* to be entitled to attorney fees under ORS 659.121, it must show that 'the claim is brought in bad faith, is unreasonable or groundless' or that the 'plaintiff persists in litigating the claim after it becomes evident the claim is unreasonable or unfounded.'" (Emphasis in *Turnbow*.)).

Defendant argues that our prior case law disregards the express language of ORS 659A.885(1); fails to appreciate the implicit overruling of *Dobie* in *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *modified on recons*, 327 Or 185, 957 P2d 1200 (1998); and should be disavowed. The difficulty for defendant in making that argument on appeal is that, in the trial court, everyone agreed that the legal standard articulated in *Chase* applied. Indeed, defendant acknowledged that standard repeatedly in its fee-petition

briefing and at the fee hearing. For example, in the "legal standard" section of its fee petition, defendant stated, "[T]he standard for awarding fees to a prevailing defendant is higher than the standard for awarding fees to a prevailing plaintiff. For a prevailing defendant to recover fees, it must show that the plaintiff's claims were brought in bad faith, or was unreasonable, groundless, or unfounded. *Chase v. Vernam*, 199 Or App 129, 139-40, 110 P3d 128 (2005)." Plaintiffs agreed with defendant's articulation of the legal standard, and, unsurprisingly, the court then applied that legal standard.

Under the circumstances, we decline to consider an argument to overrule existing case law that is being made for the first time on appeal. Any error in relying on *Chase* as supplying the applicable legal standard was invited. *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)).

That brings us to defendant's alternative argument that, even under the *Chase* standard, the court had authority to award fees—given the court's express determination that all of plaintiffs' claims were groundless—and should have proceeded to consider the ORS 20.075(1) factors so as to decide whether to award fees and, if so, in what amount.

We agree with defendant on that point. The court expressly concluded that all of plaintiff's claims were "groundless," for reasons that it explained and that went beyond the mere fact that defendant had prevailed. *See McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 87, 46 P3d 721 (2002) (suggesting that, under the *Dobie* standard, the ultimate issue is whether "a reasonable lawyer" would know that a claim "is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law"); *Turnbow*, 155 Or App at 69 (reiterating the point that lack of success is not the same as groundlessness). Plaintiffs have not challenged the court's "groundless" determinations on

appeal. *See Chase*, 199 Or App at 139 (such a determination is a legal conclusion subject to review for legal error when challenged).

Under the *Chase* standard, defendant did not have to establish that Crispin-Zuniga's claim was both groundless *and* brought in bad faith, or that Rondin-Rios's claims were both groundless *and* frivolous, for the court to have authority to award fees. *See id.* at 138-39 ("[U]nder our case law, a court has discretion to allow attorney fees to a prevailing defendant under ORS 659A.885(1) only when the plaintiff's claim is brought in bad faith *or* is unreasonable or unfounded." (Emphasis added.)). Once it concluded that all of the claims were "groundless," the court should have proceeded to consider the ORS 20.075(1) factors to decide whether to award fees and, if so, in what amount.[1]

Accordingly, we vacate the supplemental judgment of February 28, 2019, and remand for further proceedings.

Vacated and remanded.

---

[1] To the extent that the trial court considered the fact that Crispin-Zuniga's claim was resolved on summary judgment to be relevant to a potential fee award as to him, nothing in this opinion precludes the court from considering that fact on remand in deciding whether to award fees or in what amount. *See* ORS 20.075(1)(h) (in deciding whether to make a discretionary fee award, the court shall consider seven specified factors, plus "[s]uch other factors as the court may consider appropriate under the circumstances of the case"); ORS 20.075(2)(a) (in deciding the amount of a fee award, the court shall consider, among other things, "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services").