***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 27, affirmed March 29, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMANTHA JOANN MORGAN,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR09842; A176386

Sheryl Bachart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, a jury found defendant guilty of driving under the influence of intoxicants, ORS 813.010, failure to perform duties of a driver when property is damaged, ORS 811.700, and reckless driving, ORS 811.140, arising out of an incident in which defendant damaged another vehicle while backing out of a parking space in a Newport bar parking lot and driving off. On appeal, defendant asserts that the trial court plainly erred in instructing the jury that it could convict defendant of failure to perform duties of a driver if it found that defendant had "reason to believe" that she was involved in a collision. In defendant's view, the court's use of Uniform Criminal Jury Instruction (UCrJI) 2724 impermissibly relieved the state from its burden to prove the mental state alleged in the charging instruction, *viz.*, that defendant knowingly failed to perform the duties of the driver. The state remonstrates that, because the wording of the indictment "is ambiguous, at best, whether the state was alleging a knowing mental state as to the collision element of the offense, it is not obvious or beyond dispute that the trial court erred by instructing the jury that it could convict defendant if it found that she had reason to believe that she was in a collision." As explained below, we do not reach the merits of defendant's challenge to the use of UCrJI 2724 because she was actively instrumental in bringing about the alleged error. Accordingly, we affirm.

On appeal, defendant candidly acknowledges that she did not object to the court's instruction and therefore asks us to review for plain error. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (describing the plain-error doctrine). Under the invited error doctrine, a party who is actively instrumental in bringing about an alleged error cannot later complain about such alleged error. *See, e.g.*, *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009). The primary purpose of the invited error doctrine is to ensure that a party who makes an intentional or strategic choice at trial does not "blame the court" if that choice later proves unwise. *See Crawford v. Jackson*, 252 Or 552, 555, 451 P2d 115 (1969). Further, an "invited" error can also occur "where counsel's failure to object was inadvertent or unintentional." *Tenbusch v. Linn*

*County*, 172 Or App 172, 177 n 6, 18 P3d 419, *rev den*, 332 Or 305 (2001).

　　　In this case, defendant (along with the state) asked the trial court to use UCrJI 2724 to instruct the jury.[1] Thus, the error complained of on appeal was invited error and is not subject to plain-error review. *See, e.g.*, *State v. Swartz*, 287 Or App 601, 602 n 1, 404 P3d 980 (2017) (refusing to reach the defendant's challenge to a uniform jury instruction because the defendant requested it and explaining that any error the court made in giving the challenged instruction is not obvious for purposes of plain-error review).

　　　Affirmed.

---

[1] Although the UCrJIs provide a solid foundation to draft a complete set of jury instructions, there is a danger in relying too heavily on the uniform instructions because the law can outpace what the uniform instructions cover. *See, e.g.*, *State v. Lopez-Minjarez*, 350 Or 576, 583, n 4, 260 P3d 439 (2011); *State v. Vanornum*, 273 Or App 263, 356 P3d 1161 (2015) (holding that a trial court's use of a uniform instruction constituted plain error and exercising discretion to correct that error); *see also* UCrJI § 1.4 ("The uniform instructions are only a framework for building a set of instructions. One disadvantage of uniform jury instructions is that court and counsel tend to rely too much on them."). In this case, although the trial happened before recent cases discussed the use of culpable mental states or *mens rea* and the adequacy of jury instructions, it is worth highlighting that caution is especially warranted when treading in an area like this where courts have issued recent decisions. *See, e.g.*, *State v. Owen*, 369 Or 288, 309-10, 505 P3d 953 (2022); *State v. Prophet*, 318 Or App 330, 507 P3d 735, *rev den*, 370 Or 472 (2022).