No. 587          November 8, 2023          111

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Katrina OTNES,
*Plaintiff-Appellant,*
*v.*
PCC STRUCTURALS, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
16CV32466; A167525

John A. Wittmayer, Judge.

Argued and submitted October 11, 2023.

Quinn E. Kuranz argued the cause for appellant. Also on the briefs was The Office of Q.E. Kuranz, AAL, LLC.

Misha Isaak argued the cause for respondent. On the brief were Karen L. O'Connor, Melissa J. Healy, Crystal S. Chase, and Stoel Rives LLP.

Before Joyce, Presiding Judge, and Kamins, Judge, and Jacquot, Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Plaintiff appeals from a judgment in favor of defendant on sex and pregnancy discrimination claims. Plaintiff brought claims against her employer alleging that she was fired after disclosing her pregnancy to human resources and her supervisor (Halada). A jury returned a verdict in favor of defendant, finding that plaintiff was not unlawfully terminated because of her sex or pregnancy.

On appeal, plaintiff challenges several of the trial court's rulings with respect to discovery and admissibility of Halada's employee records. In her first assignment of error, plaintiff contends that the trial court erred in denying her motions to compel production of Halada's employee records.[1] In her second assignment, she argues that the trial court erred in granting defendant's motion *in limine* to exclude evidence because the evidence was relevant and because the court did not sufficiently make a record of its OEC 403 balancing as required under *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987). We conclude that the court did not err in denying plaintiff's first motion to compel. As to plaintiff's remaining claims of error, because the appellate record does not contain the documents that form the basis of those claims, we are unable to review them. Accordingly, we affirm.

*Denial of first motion to compel production of supervisor's entire personnel file:* Plaintiff first asserts that the trial court erred in denying her motion to compel production of Halada's entire personnel file. The trial court denied plaintiff's motion to compel, instead ordering production of the file to be limited to the past five years. We conclude that it was well within the trial court's discretion, consistent with ORCP 36 C, to limit the discovery to the period of time relevant to plaintiff's claims so as to protect against any undue burden or expense.

---

[1] Plaintiff raises three challenges to separate discovery rulings. Each would be more properly framed as separate assignments of error. *See State v. Nees*, 319 Or App 725, 736 n 2, 511 P3d 67, *rev den*, 370 Or 212 (2022) ("The grouping of a trial court's rulings under a single assignment of error hinders evaluation of each individual ruling on its merits and is a practice that should not be followed." (Internal quotation marks and citation omitted.)).

*Denial of subsequent motions to compel disciplinary file and granting of motion in limine to exclude disciplinary file:* Plaintiff also asserts that the trial court erred in denying her second and third motions to compel production of Halada's disciplinary records. Relatedly, in her second assignment of error, plaintiff argues that the trial court erred in granting defendant's motion *in limine* to exclude any testimony and records regarding Halada's discipline. After plaintiff's first motion to compel, plaintiff deposed Halada and he testified that defendant had previously reprimanded him for making an inappropriate joke at work. In response, plaintiff sent defendant another request for production, including a request for the 2003 disciplinary record for Halada's inappropriate behavior. After defendant objected, plaintiff moved to compel production of Halada's disciplinary record. She argued that production of the record would not be unduly burdensome because defendant had already produced the documents in a concurrent trial.[2] The trial court denied the motion to compel the records, agreeing with defendant that the court had already entered a ruling on discovery of Halada's personnel records, limiting it to the last five years. Plaintiff renewed the motion to compel at trial.

Additionally, the court—after reviewing the disciplinary records *in camera*—granted defendant's motion *in limine*, reasoning that "[p]laintiff has an uphill battle here with respect to the relevance of this information, and if marginally relevant, it points to the 403-balancing test in my view." Plaintiff now assigns error to those rulings.

However, we are unable to review those claims of error because the disciplinary record at issue is not in the appellate record. After reviewing the documents *in camera*, the trial court asked defense counsel whether the records should be shredded due to the existing protection order in the concurrent case; no party objected to the court doing so. As a result, the disciplinary records are not in the appellate record. "An appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Hersey*

---

[2] The records were produced under a stipulated protective order in *Glover v. PCC Structurals, Inc.*, 16CV23683.

*v. Leon¸* 314 Or App 227, 229, 497 P3d 763 (2021) (internal quotation marks and citation omitted). Because plaintiff's claims of error related to the disciplinary records rely on the substance of those records—and the extent to which those records would have been discoverable or would have been relevant and admissible at trial—we are unable to review plaintiff's claims of error.

And even if, as plaintiff urges the court, we were able to glean the general substance of the disciplinary records from the parties' arguments in the trial court, we find no abuse of discretion in the trial court's ultimate conclusion that, under OEC 403, the documents would not be admissible at trial.

Affirmed.