634 May 15, 2024 No. 328

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUBEN ANTHONY WRIGHT-MASCORRO,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR00022; A179732

Amy M. Baggio, Judge. (Judgment August 4, 2022)

Eric L. Dahlin, Judge. (Judgment September 14, 2022)

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant pleaded guilty to one count of driving under the influence of intoxicants (DUII) and one count of reckless driving, both misdemeanors. With regard to the DUII count, the trial court sentenced defendant to 24 months of misdemeanor monitored probation, two days in jail, and a $2,000 fine, although the court suspended execution of that fine. The fine was imposed under ORS 813.010(6)(d) (2021), *amended by* Or Laws 2023, ch 498, § 3, which provided:

> "In addition to any other sentence that may be imposed, the court shall impose one or more of the following fines on a person convicted of driving while under the influence of intoxicants as follows:
>
> "* * * * *
>
> "(d)(B)   For a person who, within two hours after driving a vehicle, other than a bicycle, and without consuming alcohol in the intervening time period, *has 0.15 percent or more by weight of alcohol in the blood of the person, as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150, a minimum of $2,000.*"

(Emphasis added.)

On appeal, defendant's sole assignment of error is that the court plainly erred by imposing the $2,000 fine, because he did not admit to his blood alcohol content (BAC) during the plea colloquy and the state did not produce any evidence that his BAC was equal to or greater than 0.15 percent. However, as the state correctly points out, defendant invited any error with regard to imposition of the mandatory fine.

After the state made a sentencing recommendation that included a "$2,000 fine based on the blood alcohol level being above .15," defendant responded that "[t]he only issue is with the DUI fine" and that he would "ask the Court to impose it but suspend execution." Defendant explained that he "was going to ask for a jail sentence on [the DUII count]," and a "brief term of bench probation on [the DUII count] and impose the fine on that count," in the hope that "the

probation on [the DUII count] would terminate at the end of any jail sentence and the Court would waive the fine at that time." Although the court did not impose sentence in accordance with all of defendant's requests, it did ultimately agree to impose the fine as requested:

> "I'm thinking that the fairest way to proceed would be to have the two years of probation that I would impose but suspend the $2,000 mandatory fine, which would be required it sounds like based on his blood alcohol being over .15. So that if he stays out of trouble and complies with conditions, he wouldn't have to pay that money. The driver's license sanction is not something that is waivable."

Because defendant was actively instrumental in bringing about the suspended fine, we reject his assignment of error and affirm the judgment. *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal citation and quotation marks omitted.)).

Affirmed.