420 September 10, 2025 No. 812

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN DAVID McLAUGHLIN,
*Defendant-Appellant.*

Washington County Circuit Court
22CR01472; A183139

Brandon M. Thompson, Judge.

Submitted July 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this criminal appeal, defendant argues that the trial court plainly erred when it imposed special conditions of probation that were part of a "mental health package" after he pleaded guilty to one count of stalking, ORS 163.732. The challenged conditions include requirements to comply with medications as prescribed, to only change treatment providers with permission, and to waive all client/psychotherapist privileges. Defendant asks us to reverse and remand for resentencing. Because we conclude that any error was invited, we affirm the judgment of the trial court.

The facts necessary to our resolution are not in dispute. The state charged defendant with one count of stalking, and he waived his right to a jury and ultimately pleaded guilty. During the plea hearing, the court reviewed each paragraph of the plea petition with defendant in detail. As part of that exchange, the court confirmed defendant's understanding that the mental health package was part of the sentence recommendation in the plea:

"THE COURT:   And then also I have the mental health probation package, which has four different requirements, and you've initialed that also, and you've gone over that with your lawyer. Is that correct?

"THE DEFENDANT:   Yes, Judge.

"THE COURT:   Okay. So how do you plead to one count of stalking as a class C felony?

"THE DEFENDANT:   Guilty, Your Honor."

Defendant reviewed with his attorney and initialed the mental health package and its requirements to acknowledge his understanding of it without objecting to any of the special conditions. Following the recitation of the factual basis for the plea, defendant's attorney stated on record that he understood why the conditions would be ordered. He further stated that defendant was willing to complete a mental health evaluation and any recommended treatment, as discussed and agreed to.

On appeal, defendant now asserts that the court plainly erred by including the mental health package in his

sentence. He specifically objects to the requirements that he waive therapist/client privilege and sign releases or authorization "necessary" to allow "the court, parties, supervising officers, and treatment providers" to obtain and share information concerning his therapy. Defendant argues that the record contains no information concerning his mental health and very little information surrounding the factual incidents surrounding the stalking charge, so imposition of those requirements is plainly erroneous. We conclude that any error in imposing those requirements was invited by defendant.

Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error may not complain about it on review, and the case ought not to be reversed because of it. *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (citations omitted). As we have explained, "[t]he doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." *Id*. (citations omitted).

Here, defendant was actively instrumental in causing any error by stating his willingness to cooperate with mental health treatment and by failing to dispute or object to the plea petition when asked about the four requirements in the mental health package, all of which he had acknowledged reviewing with counsel. Any error in imposing those conditions was therefore invited by defendant.

Affirmed.